VITO CIACCIO, Plaintiff-Appellant, *v.* THE NORTH RIVER INSURANCE COMPANY *et al.*, Defendants-Appellees.

(No. 73-153; )

Third District—March 11, 1974.

*Rehearing denied April 8, 1974.*

Charles R. McGuire, and Thomas V. Cassidy, both of Peoria, for appellant.

William J. Voelker, Jr., of Peoria, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellant, Vito Ciaccio, appeals from an order of the circuit court of Peoria County granting defendants-appellees' motion for summary judgment.

On October 26, 1969, part of a building leased by plaintiff was destroyed by fire including plaintiff's personal property and contents therein, which at that time were insured by fire insurance policies issued by the defendant insurance companies. Defendants notified plaintiff on October 29, 1969, that they were investigating the fire and were not waiving any of their rights under the policies. Plaintiff submitted a proof of loss to each of the defendants on December 24, 1969. The proofs of loss were rejected by the four companies on February 11, 1970, because they "were not filed in accordance with policy conditions and requirements". This letter was considered by the parties to be a denial of liability under the policy. No particular reasons were advanced in the letter to specify in what respect the proofs of loss were inadequate. In April 1970 defendants requested an oral examination of plaintiff under oath. Plaintiff agreed to the request and the examination took place later that month. In June defendants requested from plaintiff his tax records and business operation and balance sheet records from his business. It appears that some of these records were destroyed by the fire which would necessitate their reconstruction from a secondary source. Early in July a conversation took

place between the attorneys for the parties regarding the request that plaintiff submit the records as well as the difficulties involved in securing the records. Again on July 9, 1970, the request was made, which plaintiff refused in a letter written to defendants on July 27, 1970. Again defendants requested plaintiff's records on August 5, 1970, by letter which also warned that a refusal to supply the records would be a violation of the policy. There was no response by plaintiff until January 1971. According to plaintiff's attorney efforts were made commencing August 1970 to reconstruct the desired records from secondary sources as required by the defendants, but such records were not completed until January 1971. At this time the records were offered to defendants and refused by them because beyond the limitation period described in the policy. Plaintiff filed suit on February 11, 1971. The trial court granted defendants' motion for summary judgment.

■■■ Plaintiff's main contention on this appeal is that a question of fact exists and therefore the trial court erred in granting summary judgment. It is maintained that defendants, by requesting plaintiff's business records, lulled plaintiff into a reasonable belief that his claim would be settled without suit, and this in effect raised a question of fact on the issue of waiver of the limitation period.

According to Illinois Law & Practice, *Insurance*, section 526:

> "Since clauses imposing a period of limitation less than that required by the statute of limitations are strictly construed, they are allowed to be readily waived, and slight circumstances will be held sufficient to constitute a waiver of such stipulations."

It is undisputed that the rule is that a waiver or an estoppel with respect to a contractual provision limiting the time within which an action on the policy must be brought exists if the conduct of the company is such as to cause the insurer to change his position by lulling him into a false security, thereby causing him to delay or waive assertion of his rights to damage. (*Ill. L. & Pr. Insurance* sec. 526.) Mere pendency of negotiations with a view towards compromise does not waive a limitations period but conduct of a company which induces the insured to reasonably believe that his claim will be settled without suit could constitute waiver. *Kinsey v. Thompson*, 44 Ill.App.2d 304, 194 N.E.2d 565.

It is defendants' contention that the companies were merely investigating the claim and there were no negotiations toward settlement or adjustment between the parties. Citing *Flagler v. Wessman*, 130 Ill.App. 2d 491, 263 N.E.2d 630, defendants maintain that because evidence of the insurers' conduct does not exceed mere investigation, the question of waiver may be disposed of as a matter of law.

■■ We are of the opinion a question of fact exists as to whether de-

fendants waived the limitation provision in the policy. Whether defendants' investigation and request for documents was sufficient to lull plaintiff to reasonably believe his claim could be settled without suit is a question of fact to be determined by the jury. As indicated earlier in this opinion, the proofs of loss were rejected without specifying any reason therefore except general insufficiency. Nevertheless, even after rejecting the claim, the companies invoked the provisions of the policy requiring personal testimony by the insured as well as the production of records requiring considerable time to secure. From such facts it may be inferred the companies rejection of the claim was not unconditional, thereby offering additional support for the belief that the claim might be settled. Thus it is our belief the trial court erred in granting defendants' motion for summary judgment.

Accordingly, the judgment of the circuit court of Peoria County is reversed and remanded for further proceedings not inconsistent with this opinion.

Judgment reversed and remanded.

SCOTT, P. J., and DIXON, J., concur.