DONALD RACQUET *et al.*, Plaintiffs-Appellants, v. MICHAEL S. GRANT *et al.*, Defendants-Appellees.

Second District   No. 2—99—1097

Opinion filed November 20, 2000.—Rehearing denied February 16, 2001.

Terrence S. Carden III, of Carden & Carden, of Waukegan, and Thomas W. Gooch III, of Wysocki and Gooch, of Wauconda, for appellants.

Neil K. Quinn, Robert Marc Chemers, David S. Osborne, and Christine A. Campe, all of Pretzel & Stouffer, Chtrd., of Chicago, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiffs, Donald and Ida Racquet, sued defendants, Michael S. Grant (Grant) and Michael S. Grant, Ltd., for attorney malpractice. The trial court granted defendants' motion to dismiss the complaint (see 735 ILCS 5/2—619(a)(5) (West 1998)) as barred by the two-year statute of limitations (735 ILCS 5/13—214.3(b) (West 1998)). After the trial court denied plaintiffs' motion to reconsider, they appealed. On appeal, plaintiffs argue that (1) in ruling on their motion to reconsider the dismissal, the trial court erred in striking an affidavit from an attorney they hired after they had employed defendants; and (2) the dismissal was erroneous because defendants did not prove that plaintiffs' suit was untimely. As we agree with plaintiffs' second contention of error, we reverse the dismissal of the complaint and remand the cause.

Plaintiffs filed their complaint on October 20, 1998. The complaint alleged the following facts. On or about August 16, 1995, plaintiffs retained defendants to represent them in a suit brought by Melvin Platenka, plaintiffs' neighbor in Fox Lake, who sought to enjoin plaintiffs from doing certain construction on their land. Through October 1996, defendants were professionally responsible for defending plaintiffs in the Platenka suit. Defendants breached their duty of care to plaintiffs by failing to advise plaintiffs adequately of Platenka's claims and the remedies he sought; failing to do sufficient pretrial discovery or preparation of witnesses; failing to prepare Donald Racquet for a deposition; inadequately advising plaintiffs of the legal effect of the trial court's denial of Platenka's request for a temporary

restraining order; advising plaintiffs they could proceed with the modifications to their property despite the pending litigation; failing to raise necessary defenses to Platenka's suit; failing to appeal the judgment despite assuring plaintiffs that they would do so; failing to file a timely cross-appeal after Platenka appealed; and not advising plaintiffs to seek a variance for their property.

The complaint also alleged that, on learning that Platenka had appealed, plaintiffs consulted attorney Thut, who told them that the time for them to appeal or cross-appeal had expired. Thut represented plaintiffs on Platenka's appeal. On May 20, 1997, the appellate court ruled in the case. In October 1997, the supreme court denied plaintiffs leave to appeal in the Platenka case. Plaintiffs alleged that, as a result of defendants' malpractice, the value of their property fell, they had to spend heavily to alter the property, they became liable for Platenka's attorney fees at trial and on appeal, and the title to their property was unnecessarily clouded.

Defendants moved to dismiss the complaint as time-barred. Defendants asserted that plaintiffs' cause of action accrued no later than September 8, 1996, and that plaintiffs knew or should have known of defendant's purported negligence by October 3, 1996. Defendants' supporting memorandum and exhibits summarized the Platenka litigation as follows.

Platenka's suit sought injunctive relief and attorney fees. On August 17, 1995, the circuit court denied Platenka a preliminary injunction against plaintiffs' intended renovations but stated that plaintiffs would proceed with the work at their own risk. On March 25, 1996, after a bench trial, the trial court found plaintiffs liable on some of Platenka's allegations and ordered plaintiffs to bring their property into compliance with the village zoning ordinance. On August 8, 1996, the trial court issued a final judgment denying Platenka's motion to reconsider and awarding Platenka attorney fees and costs. On August 28, 1996, Platenka appealed. On May 20, 1997, this court affirmed in part, reversed in part, and remanded the cause. *Platenka v. Racquet*, No. 2—96—1027 (1997) (unpublished order under Supreme Court Rule 23). On October 3, 1996, defendants received a letter from Thut stating that he now represented plaintiffs and asking if defendants had filed a cross-appeal in the Platenka suit. Grant called Thut and told him no cross-appeal had been filed.

Defendants attached Grant's affidavit, in which he stated the following. Plaintiffs retained him and his firm through August 8, 1996, when the circuit court entered its final opinion on the merits in the Platenka suit, which sought to enjoin construction and remodeling plaintiffs were doing on their property. On August 20, 1996, Grant

told plaintiffs he did not advise taking an appeal, and plaintiffs replied that they would talk to another attorney about that matter. On August 29, 1996, Grant received a copy of Platenka's notice of appeal; the copy indicated that the notice had been filed. On September 4, 1996, Grant told plaintiffs that Platenka had filed a notice of appeal. On October 3, 1996, Grant received a letter dated October 2, 1996, from Thut (the motion to dismiss attached a copy of the letter); the same day, Grant telephoned Thut and told him no notice of cross-appeal had been filed in the Platenka suit. Grant understood that his receipt of Thut's letter on October 3, 1996, terminated his representation of plaintiffs. Since receiving the letter, he had had no further contact with them.

Defendants argued that, insofar as plaintiffs asserted that defendants committed malpractice in trying the Platenka suit, plaintiffs were injured no later than August 8, 1996, the date of the circuit court's final judgment. Defendants asserted further that any injury from defendants' failure to file a cross-appeal would have occurred no later than September 9, 1996, the last day to file a cross-appeal (see 155 Ill. 2d R. 303(a)), and that plaintiffs knew or should have known of any such injury no later than October 3, 1996, when Grant told Thut no cross-appeal had been filed. Thus, defendants reasoned, plaintiffs' suit, filed October 20, 1998, was at least 17 days too late.

Plaintiffs' response to the motion included an affidavit of Ida Racquet stating the following. After the trial judge issued his ruling, Grant advised her that he would take care of filing an appeal; he told her "not to worry about it." Early in October 1996, plaintiffs consulted with Thut, asking him to represent them and to tell them the status of the appeal. On or about November 20, 1996, plaintiffs received a letter from Thut. Late in November or early in December 1996, plaintiffs asked Thut about the status of the case. Thut told plaintiffs that Grant had not filed any appeal or cross-appeal on plaintiffs' behalf. Thut added that, having reviewed "our [plaintiffs'] file," he believed Grant failed to raise several issues at the trial and that defendants may have committed malpractice.

From Ida Racquet's affidavit and the other matters of record, plaintiffs concluded that the limitations period did not start any earlier than November 20, 1996, when Thut told plaintiffs that defendants had filed no appeal or cross-appeal in the Platenka suit. Also, they claimed that it was not until the conversation with Thut in November or December 1996 that plaintiffs, who lacked legal expertise, could have been on notice that defendants may have committed malpractice in trying the Platenka suit.

In reply, defendants argued that, more than two years before plaintiffs sued, they were on notice that they might have causes of action arising from defendants' alleged trial malpractice and from defendants' failure to appeal or cross-appeal. Defendants asserted that the adverse judgment itself put plaintiffs on notice of the purported trial malpractice. Defendants also observed that, by October 3, 1996, Thut actually knew that defendants had not filed an appeal or cross-appeal, and they asserted that this knowledge could be imputed to plaintiffs, with the result that plaintiffs discovered their possible cause of action more than two years before they filed the complaint.

The trial court granted defendants' motion to dismiss the complaint. Plaintiffs moved to reconsider the judgment, arguing that the trial court erred in holding that, because Thut knew of the alleged malpractice by October 3, 1996, plaintiffs could be charged with knowledge of their cause of action by that same date. Plaintiffs relied in part on Ida Racquet's statement in her affidavit that Thut did not inform her of the status of the appeal until well after October 3, 1996. Also, plaintiffs sought to introduce an affidavit from Thut. Thut's affidavit states that he first met with plaintiffs on September 30, 1996, when he was advised that Platenka had filed an appeal. Also, according to Thut, on October 2, 1996, he asked Grant whether Grant had filed a cross-appeal. However, contrary to Grant's affidavit, Thut averred that Grant waited until October 30, 1996, to tell Thut that defendants had not filed an appeal or cross-appeal on plaintiffs' behalf. Also, Thut stated, he was not able to receive the record in the Platenka case until December 15, 1996, and only after he reviewed the record could he have discovered that defendants may have committed malpractice during the trial.

Defendants moved to strike Thut's affidavit because plaintiffs had not shown that the information in it was unavailable when defendants' motion to dismiss was pending. The trial court struck Thut's affidavit and denied plaintiffs' motion to reconsider. Plaintiffs filed a timely notice of appeal.

On appeal, plaintiffs argue that (1) the trial court erred in striking Thut's affidavit; and (2) the dismissal of the complaint was improper because defendants did not establish that the complaint was untimely. As we agree with plaintiffs' second claim of error, we need not decide plaintiffs' first issue.

■ Under section 2—619(a)(5) of the Code of Civil Procedure, a complaint may be dismissed involuntarily if the action was not filed within the time allowed by law. 735 ILCS 5/2—619(a)(5) (West 1998). Section 2—619 provides a means to obtain the summary disposition of issues of law or easily proved issues of fact. *Nosbaum v. Martini*, 312

Ill. App. 3d 108, 114 (2000). In ruling on a section 2—619 motion, a court accepts as true all well-pleaded facts and all reasonable inferences therefrom but not conclusions of law or unsupported conclusions of fact. *Phelan v. Keiser*, 312 Ill. App. 3d 573, 574 (2000); *Chicago School Reform Board of Trustees v. Martin*, 309 Ill. App. 3d 924, 931 (1999). Our review of a dismissal under section 2—619 is *de novo*. *Coady v. Harpo, Inc.*, 308 Ill. App. 3d 153, 158 (1999). We ask whether a genuine issue of material fact precludes the dismissal and, if not, whether the dismissal is proper as a matter of law. *Doyle v. Holy Cross Hospital*, 186 Ill. 2d 104, 109-10 (1999).

■ A suit for attorney malpractice must be filed "within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." 735 ILCS 5/13—214.3(b) (West 1998). Under the "discovery rule," the two-year period does not necessarily begin the day the plaintiff suffers his injury. Rather, the period starts when the plaintiff knows or should know facts that would cause him to believe his injury was wrongfully caused. *Butler v. Mayer, Brown & Platt*, 301 Ill. App. 3d 919, 922 (1998); *Goodman v. Harbor Market, Ltd.*, 278 Ill. App. 3d 684, 688 (1995). Ordinarily, when a party becomes charged with such knowledge is a question of fact. *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill. 2d 240, 250 (1994). Judgment should be entered as a matter of law only when the undisputed facts allow for only one conclusion. *Jackson Jordan, Inc.*, 158 Ill. 2d at 250; *Butler*, 301 Ill. App. 3d at 922.

Plaintiffs allege that defendants committed two types of malpractice in handling the Platenka suit: (1) mistakes in the trial of the case, causing injury in the form of a (partly) unfavorable judgment; and (2) the failure to file an appeal or cross-appeal, causing injury in the perpetuation of the unfavorable aspects of the judgment. Plaintiffs assert that it cannot be said as a matter of law that, before October 20, 1996, they knew or should have known of enough facts to lead them to believe that their injuries were wrongfully caused. We agree.

■ The record creates a legitimate factual issue of when plaintiffs knew or should have known that defendants may have committed malpractice either in the trial of the case or in failing to appeal or cross-appeal. A reasonable inference from Ida Racquet's affidavit is that it was not until November 20, 1996, that plaintiffs actually knew that no appeal or cross-appeal had been filed. Another reasonable inference from the record is that it was not until plaintiffs talked with Thut in November or December 1996 that they knew enough to suspect that defendants may have committed malpractice in trying the Platenka suit. Thus, there is at least a factual issue of when plaintiffs actually knew facts that would put them on notice that they were injured *and* that the injury was wrongfully caused.

We recognize that, under the discovery rule, the limitations period starts when a plaintiff knows or *should know* that his injury may have been wrongfully caused. Thus, when plaintiffs actually learned they might have a cause of action is not by itself decisive. Plaintiffs may not rely on their own unreasonable delay in learning that they may have been wrongfully injured. Their suit would be barred were they chargeable with such knowledge before October 20, 1996. From this record, however, we cannot say that, as a matter of law, plaintiffs should have known before that date that defendants may have committed malpractice. A professional opinion that legal malpractice has occurred is not required before a plaintiff is charged with knowing facts that would cause him to believe his injury was wrongfully caused. *Butler*, 301 Ill. App. 3d at 923. However, as lay people, plaintiffs were presumptively unable to discern on their own any misapplication of legal expertise. *Goodman*, 278 Ill. App. 3d at 689-90. Exactly when they should have learned of defendants' possible negligence is a debatable factual question. We cannot say this date was so far in advance of when plaintiffs actually knew of their cause of action that their malpractice suit was untimely.

Defendants argue that, before October 20, 1996, plaintiffs were on notice of defendants' alleged malpractice. Defendants assert first that the final judgment itself put plaintiffs on notice of defendants' malpractice in trying the Platenka case. Defendants rely on *Belden v. Emmerman*, 203 Ill. App. 3d 265 (1990), and *Zupan v. Berman*, 142 Ill. App. 3d 396 (1986). However, we believe these cases turn on their particular facts. In *Belden*, the plaintiffs-former clients were injured by an adverse and allegedly unauthorized settlement, and they knew at the time of the settlement that the law firm suffered a conflict of interest and had negotiated the settlement without their consent. See *Belden*, 203 Ill. App. 3d at 270. In *Zupan*, the plaintiff-former client admitted that, at the time of the adverse judgment, she was aware that the defendant had wrongfully caused her injury. See *Zupan*, 142 Ill. App. 3d at 399.

■ We agree with the *Butler* court that *Belden* and *Zupan* "do not hold that an adverse judgment alone always signals a client that legal malpractice has occurred." *Butler*, 301 Ill. App. 3d at 924. Any judgment in a contested case produces at least one dissatisfied party. Thus, common sense dictates that a bad result itself does not give fair warning that the attorney is to blame. The merits of the case are generally a more obvious suspect. See *Butler*, 301 Ill. App. 3d at 924.

■ Defendants also argue that the complaint is time-barred insofar as it alleges defendants were negligent in failing to file an appeal or cross-appeal from the Platenka judgment. Defendants reason as fol-

lows. Plaintiffs had to file their complaint within two years of when they knew or should have known of facts that would give rise to their cause of action. Defendants argue there is no dispute that, on October 3, 1996, plaintiffs' *lawyer*, Thut, learned from Grant that defendants had not filed an appeal or a cross-appeal in the Platenka suit. Under authority such as *Hodes v. Foster*, 324 Ill. 615, 617 (1927), and *County of Cook v. Schroeder*, 55 Ill. App. 2d 449, 462 (1965), the attorney's knowledge is the client's knowledge, regardless of whether the attorney has actually communicated what he knows to the client. Therefore, by October 3, 1996, *plaintiffs* "knew" that defendants filed no cross-appeal.

We disagree as there is a factual dispute regarding the October 3 deadline. We believe there is a material issue of fact as to when the Racquets learned of the accrual of the cause of action. Ida Racquet's affidavit and attorney Thut's affidavit indicate the Racquets could not have learned of the tort until October 30 at the earliest. Therefore, we determine the court committed reversible error in granting summary judgment to defendants.

■ Defendants argue finally that, even if plaintiffs introduced evidence that their suit was timely under the discovery rule, the trial court correctly dismissed the complaint because the complaint itself failed to plead the date of discovery. Defendants cite several cases affirming the dismissal of complaints because the complaints failed to plead facts that would show they were timely filed. See *Auster v. Keck*, 63 Ill. 2d 485 (1976); *Waterford Condominium Ass'n v. Dunbar Corp.*, 104 Ill. App. 3d 371 (1982); *Kielminski v. St. Anthony's Hospital*, 68 Ill. App. 3d 407 (1979). However, in all these cases, the defendants argued, and the court of review agreed, that the complaint on its face demonstrated that it was untimely. Here, by contrast, defendants did not assert that the untimeliness of the action was apparent from the face of the complaint itself. Rather, in raising the statute of limitations, defendants introduced affidavits and other evidence in an attempt to prove that the suit was untimely. Defendants now insist that they are free to support their affirmative defense with evidence but that, in response, plaintiffs are restricted to relying on their pleadings. The law does not require such an unequal contest.

The judgment of the circuit court of Lake County is reversed, and the cause is remanded.

Reversed and remanded.

GEIGER and HUTCHINSON, JJ., concur.