BRANDI ROMANO, Plaintiff-Appellant, v. MICHAEL MORRISROE, Defendant-Appellee.

Second District    No. 2—00—0540

Opinion filed November 16, 2001.

John J. Piccione and Mark W. Tader, both of Piccione, Keeley & Associates, Ltd., of Wheaton, for appellant.

Terry D. Weissman and Caroline P. Golden, both of Neal, Gerber & Eisenberg, of Chicago, for appellee.

JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, Brandi Romano, appeals from the trial court's order granting summary judgment in favor of defendant, Michael Morrisroe. We reverse and remand.

On August 2, 1996, plaintiff filed a one-count complaint against defendant and his partner, Paul Conarty, alleging legal malpractice for the failure to make a written demand for underinsured motorist (UIM) arbitration within the two-year time limit set by the applicable insurance policy. Plaintiff eventually nonsuited Conarty and filed her first amended complaint against defendant only. Cross-motions for summary judgment were filed, and the trial court granted defendant's motion for summary judgment, finding that, as a matter of law, plaintiff's suit was barred by the statute of limitations (735 ILCS 5/13—214.3(b) (West 2000)). This appeal followed.

■ Plaintiff now contends that the trial court erred in granting defendant's motion for summary judgment. A motion for summary judgment should be granted only when no genuine issue of material

fact exists and the moving party is entitled to judgment as a matter of law. *Lawrence & Allen, Inc. v. Cambridge Human Resource Group, Inc.*, 292 Ill. App. 3d 131, 135 (1997). The disposition of a summary judgment motion is not discretionary, and the standard of review is *de novo. Lawrence & Allen*, 292 Ill. App. 3d at 135. To determine whether a genuine issue of material fact exists, a reviewing court should consider the pleadings, depositions, admissions, exhibits, and affidavits on file and construe them liberally in favor of the opponent of the motion and strictly against the movant. *Lawrence & Allen*, 292 Ill. App. 3d at 135. While a plaintiff need not prove its case in opposition to a summary judgment motion, it must present some factual basis that would arguably entitle it to judgment in its favor; thus, if a plaintiff fails to establish an element of its cause of action, summary judgment in the defendant's favor is proper. *Lawrence & Allen*, 292 Ill. App. 3d at 135.

■ A cause of action for legal malpractice requires (1) an attorney-client relationship; (2) a duty arising from that relationship; (3) a breach of that duty; and (4) actual damages or injury proximately caused by that breach. *Profit Management Development, Inc. v. Jacobson, Brandvik & Anderson, Ltd.*, 309 Ill. App. 3d 289, 308 (1999). A suit for attorney malpractice must be brought "within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." 735 ILCS 5/13—214.3(b) (West 2000). Under the "discovery rule," the two-year period does not necessarily begin the day the plaintiff suffers his injury; rather, the period starts when the plaintiff knows or should know facts that would cause him to believe that his injury was wrongfully caused. *Racquet v. Grant*, 318 Ill. App. 3d 831, 836 (2000). The injury is not the negligent act itself; it is something caused by the negligent act or omission for which the plaintiff may seek damages. *Profit Management Development*, 309 Ill. App. 3d at 308. No cause of action accrues without actual damages, and damages are only speculative if their existence itself is uncertain. *Profit Management Development*, 309 Ill. App. 3d at 308. Ordinarily, when a party becomes charged with such knowledge is a question of fact, and judgment should be entered as a matter of law only when the undisputed facts allow for only one conclusion. *Racquet*, 318 Ill. App. 3d at 836.

The following facts are undisputed. Romano was involved in an automobile accident on August 29, 1990. She retained the services of defendant for all aspects of her claims until March 31, 1993. John Munday became plaintiff's attorney on April 28, 1993. Munday proceeded to settle plaintiff's claim against the driver of the other car involved in the accident. On April 27, 1994, Munday sent a written

demand for arbitration on the underinsured motorist coverage provided by Country Mutual Insurance Company (Country) on the vehicle in which plaintiff had been a passenger at the time of the accident. On June 29, 1994, Country responded by notifying Munday that it was forwarding the demand to its legal counsel to determine whether the demand was made on a timely basis. The UIM policy required that a written demand for arbitration be filed within two years of the accident or of the claimant's reaching majority. In this case, plaintiff reached majority on January 14, 1991. The entire file of plaintiff's case had been turned over to Munday when he began his representation of plaintiff, and there was no written demand for arbitration contained within.

On July 19, 1994, Country notified Munday that it would not name an arbitrator because of an "unresolved coverage question which must be decided by the [c]ircuit [c]ourt." Munday responded that same day that he was unaware of any such issue. By letters dated August 3, 1994, Country notified both Munday and plaintiff that it denied UIM coverage on the basis that the arbitration demand was untimely. Munday received this letter on August 6 or 8, 1994. Country then filed a declaratory action in the circuit court on September 21, 1994. Plaintiff filed this case on August 2, 1996. The declaratory action was decided in Country's favor in December 1998, and this court affirmed that judgment. See *Country Mutual Insurance Co. v. Romano*, No. 2—98—0296 (1999) (unpublished order under Supreme Court Rule 23).

In its written ruling, the trial court held that it "must have been painfully, as well as plainly obvious" to Munday, upon receipt of plaintiff's file, that the UIM coverage was lost by defendant's failure to submit a timely written demand for arbitration. According to the court, Munday should have known of the injury on April 27, 1994, when he sent the letter demanding arbitration, and he certainly should have known no later than June 29, 1994, when he received the letter from Country questioning the timeliness of the demand. Thus, citing *Lucey v. Law Offices of Pretzel & Stouffer, Chartered*, 301 Ill. App. 3d 349 (1998), the court found this to be a case where it is plainly obvious prior to an adverse ruling that the plaintiff was injured as a result of professional negligence. The trial court held that the cause of action existed, and the statute of limitations began to run, no later than June 29, 1994, when Country notified Munday that it was forwarding the arbitration demand to legal counsel. The August 2, 1996, filing of the case against Morrisroe was, therefore, untimely.

■ We conclude that the trial court erred in granting defendant's motion for summary judgment. The undisputed facts do not lead only to the conclusion drawn by the trial court. See *Racquet*, 318 Ill. App.

3d at 836. The absence from the file of a written demand for arbitration is not sufficient to cause someone, even an attorney, to realize that a breach of duty has occurred, let alone that an injury was wrongfully caused. It was not obvious to Country, when it received the written demand some 15 months after the demand was due, that the demand was not timely. On June 29, 1994, Country sent the demand to its legal counsel to make that determination, and, on July 19, 1994, Country notified Munday that there was an "unresolved coverage question which must be decided by the [c]ircuit [c]ourt." It was not until the letter dated August 3, 1994, that Country notified plaintiff and Munday that it was denying UIM coverage because it deemed the arbitration demand to be untimely. Thereafter, when it filed the declaratory action on September 21, 1994, Country retreated to its position that the coverage question required resolution by the circuit court. It was not obvious to defendant either, as is evidenced by the following exchanges that took place during defendant's January 19, 2000, deposition (taken in connection with the declaratory action):

"Q. Now, we can make this long or fast. I'm going to ask you point-blank, do you think you breached a standard of care in not filing the demand for arbitration for Brandi Romano against Country Mutual prior to the expiration of that two-year period?

[Defendant] A. No.

Q. Why?

A. I believe that Country Mutual already had notice of her claim.

* * *

Q. Did you do that? Did you file a written demand for arbitration within the time specified in the policy covering Brandi Romano?

A. To the best of my knowledge, no.

Q. And as an attorney, would this be malpractice in that you failed to do that?

A. I think I go back to my earlier answer.

Q. And that answer is what? It's the last time I'll ask you. Your answer is, you don't think so?

A. No. That's correct."

Furthermore, in the area of insurance contracts, clauses imposing a period of limitation less than that required by the statute of limitations are strictly construed; they are allowed to be readily waived, and slight circumstances will be held sufficient to constitute waiver of such stipulations. *Ciaccio v. North River Insurance Co.*, 17 Ill. App. 3d 940, 942 (1974), citing Ill. L. & Prac. *Insurance* § 526 (19__) (now 22A Ill. L. & Prac. *Insurance* § 520 (1999)). Thus, it would not have been clear, immediately upon receipt of plaintiff's file, that plaintiff would be precluded from seeking arbitration with Country, even though the

date for filing a demand had passed. Defendant had been involved in discussions with Country prior to the expiration of the limitations period and believed that Country had been notified of the claim; potentially, Country could be found to have waived the limitations period or be estopped from invoking it, based on its conduct during those discussions. See *Ciaccio*, 17 Ill. App. 3d at 942.

The trial court quoted *Lucey* for the proposition that this was a case in which "it is plainly obvious, prior to any adverse ruling against the plaintiff, that [the plaintiff] has been injured as a result of professional negligence." See *Lucey*, 301 Ill. App. 3d at 358. However, the court in *Lucey* found such a situation to be the exception to the frequently recognized rule that a cause of action for legal malpractice rarely will accrue prior to the entry of an adverse judgment, settlement, or dismissal of the underlying action in which the plaintiff had become entangled due to the alleged negligence of his attorney. See *Lucey*, 301 Ill. App. 3d at 356-57 (and cases cited therein). Thus, in *Lucey*, the plaintiff's cause of action did not arise when he was alerted to the possibility that he had received incorrect legal advice. Rather, the plaintiff's tentative damages would not become actionable "unless and until" the litigation that resulted from the advice ended adversely to him. *Lucey*, 301 Ill. App. 3d at 359.

The trial court followed *Dancor International, Ltd. v. Friedman, Goldberg & Mintz*, 288 Ill. App. 3d 666 (1997), which involved an accountant malpractice question, affirming the trial court's dismissal on the basis that the plaintiff's lawsuit had not been filed within the applicable statute of limitations period. However, in determining in this case whether plaintiff's lawsuit was filed within the applicable statute of limitations, the issue is compliance with the contractual limitations period contained in the Country insurance policy. As we have already noted, a contractual limitations period is a different animal from a statute of limitations period. This is especially so in the world of insurance policy contracts (as opposed to statutes of limitations), where waiver and estoppel are quite readily found.

Even if the trial court was correct in finding that a breach of duty was plainly obvious before the adverse ruling, we still determine that the court erred. It is the realized injury to the client, not the attorney's misapplication of his legal expertise, that marks the point for measuring compliance with a statute of limitations period. *Goodman v. Harbor Market, Ltd.*, 278 Ill. App. 3d 684, 690 (1995), citing *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 90 (1995) (Freeman, J., dissenting). At the earliest, it was the August 6 or 8, 1994, receipt of the August 3 letter that indicated a possible injury, as it was not evident until Country denied coverage that any injury occurred and

that the injury was caused by defendant's failure to file the arbitration demand in a timely fashion. Until Country denied coverage, the possibility existed that Country would waive the limitations period. Plaintiff suffered no injury for which she could seek damages until her claim was denied; therefore, the cause of action could not accrue until this occurred. See *Brite Lights, Inc. v. Gooch*, 305 Ill. App. 3d 322, 326 (1999). Thus, the statute of limitations in this case would not have expired until August 6, 1996, at the earliest. As this case was filed on August 2, 1996, it was filed in a timely manner.

The logic supporting a finding that the cause of action accrued in August 1994, however, could lead to a surfeit of provisional and prophylactic malpractice cases. In this case, the malpractice case against Morrisroe was filed fully 28 months before the declaratory action was decided in Country's favor. Had the declaratory action been decided in Romano's favor, there would have been no valid malpractice claim, and the malpractice case would have spent over two years on a court docket, wasting judicial resources on a case in which no one was injured. Judicial economy suggests that we not encourage such unnecessary filings. See *Lucey*, 301 Ill. App. 3d at 357-58 (and cases cited therein). An August accrual date would have led to an absurd result here if defendant had not terminated his representation of plaintiff and had filed a written demand for arbitration in April 1994, as Munday did. An August accrual date would have required plaintiff to file a malpractice action against defendant while he still represented plaintiff in the underlying declaratory action. Such a situation would be awkward, to put it mildly. However, if the cause of action did not accrue until plaintiff received an adverse judgment in the declaratory action, such an outcome would be avoided. We believe that the principles set forth in *Lucey* are persuasive, and we determine that plaintiff's injury was not certain, and her cause of action did not accrue, until the adverse judgment issued in the underlying declaratory action.

We conclude that plaintiff timely filed her complaint in this case, and the trial court erred in granting summary judgment for defendant. For these reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McLAREN and CALLUM, JJ., concur.