PREFERRED PERSONNEL SERVICES, INC., Plaintiff-Appellee, v. MELTZER, PURTILL AND STELLE, LLC, *et al.*, Defendants-Appellants (Arthur J. Gallagher and Company, Inc., Defendant).

First District (5th Division)   No. 1—08—0389

Opinion filed January 23, 2009.—Rehearing denied February 20, 2009.

Daniel F. Konicek and Michael P. Hannigan, both of Konicek & Dillon, P.C., of Geneva, and J. Timothy Eaton and Patricia S. Spratt, both of Shefsky & Froelich Ltd., of Chicago, for appellants.

Donald G. Peterson and John K. Hughes, both of Hughes Socol Piers Resnick & Dym, Ltd., of Chicago, for appellee.

JUSTICE TOOMIN delivered the opinion of the court:

This matter is before us on interlocutory appeal pursuant to the provisions of Supreme Court Rule 308 (155 Ill. 2d R. 308) to consider three questions certified by the trial court. Plaintiff, Preferred Personnel Services, Inc. (Preferred), brought the instant action against Arthur J. Gallagher and Company (the Company) for failure to obtain workers' compensation insurance, and against Meltzer, Purtill and Stelle, LLC, and Thomas Palmer (malpractice defendants) for failure to timely commence proceedings on behalf of Preferred against Gallagher. Gallagher filed a motion to dismiss asserting that the complaint was time-barred under the statute of limitations. The claims against Gallagher were dismissed and affirmed on appeal. However, Meltzer and Palmer did not join in the issue below and were not parties to the appeal. Preferred now seeks to collaterally estop or apply the doctrine of the law of the case against Meltzer and Palmer to bar them from litigating the bar of limitations. In turn, the trial court certified the following questions for our review:

"1. Did the Legal Malpractice Defendants in this action have standing to oppose the Company's Motion to Dismiss where the Legal Malpractice Defendants' motion based on prematurity was pending?

2. Are the Legal Malpractice Defendants in this action collaterally estopped from raising an issue that was decided in favor of the defendant Company where the Legal Malpractice Defendants' motion based on prematurity was pending and notwithstanding facts which might have changed the outcome?

3. Did the ruling on the statute of limitations when it was decided in favor of a separate defendant become the 'law of the case' as it relates to the claims against the Legal Malpractice Defendants and notwithstanding facts which might have changed the outcome?"

We answer all three certified questions in the negative.

## BACKGROUND

Preferred is a temporary staffing agency that employed and leased truck drivers. The states in which Preferred operated uniformly required it to provide workers' compensation insurance coverage for its employees. Defendant Gallagher, an insurance broker, was hired by Preferred to secure such insurance beginning in 1995. Upon the expiration of the July 2000 policy, Gallagher represented to Preferred that it had obtained coverage and accepted payment for its services. However, in September 2001, Preferred began receiving letters from the carriers recommended by Gallagher, to which it had paid premiums, regarding defective binders and other errors, and eventually discovered that there was no coverage in place. Preferred paid

medical expenses for several workers' compensation claims and, at Gallagher's direction, also paid several hundred thousand dollars to the companies for nonexistent coverage. Additionally, due to the gap in coverage, Preferred was required to pay substantially higher premiums such that it was forced to cease operations. In January 2002, Preferred retained defendant law firm Meltzer, Purtill & Stelle, LLC (Meltzer), to file a lawsuit against Gallagher. Meltzer drafted a complaint, but never commenced the proceedings, and thereafter failed to respond to inquiries about the status of the case. In turn, Preferred retained new counsel and on April 26, 2004, filed the instant action against Gallagher and Meltzer and Palmer.

The first four counts of the complaint were against defendants Meltzer and attorney Palmer stemming from their failure to timely file suit against Gallagher, and the remaining counts were against Gallagher for breach of contract, negligence, and fraud. In its complaint, Preferred conceded that its causes of action against Gallagher accrued by the end of November of 2001, and that the claims therefore were time-barred. Gallagher filed a motion to dismiss based on the statute of limitations. In response, Preferred moved to stay, ostensibly to learn of a basis for opposing dismissal in Meltzer and Palmer's discovery responses.

During the pendency of Gallagher's motion to dismiss, Meltzer and Palmer also filed a motion to dismiss, based on the principle that malpractice claims are premature while the underlying claim providing potential liability or an appeal from that claim remains viable. The trial court granted Gallagher's motion to dismiss, but later denied Meltzer and Palmer's motion.

Preferred appealed the dismissal of the claims against Gallagher. On appeal, we affirmed the dismissal, as Preferred was bound by its attorneys' inaction and it did not identify any legal basis that would justify granting relief from the limitations bar. See *Preferred Personnel Services, Inc. v. Arthur J. Gallagher & Co.*, No. 1—05—1855 (September 29, 2006) (unpublished order pursuant to Supreme Court Rule 23). On remand, Preferred filed a motion for partial summary judgment as to Meltzer and Palmer, seeking to foreclose them from arguing that the statute had not run on Preferred's claims against Gallagher. In turn, the trial court granted the motion and also entered a finding under Supreme Court Rule 308, certifying the questions for immediate appeal and review by this court.

## ANALYSIS

Supreme Court Rule 308 provides a remedy of permissive appeal for interlocutory orders where the trial court has deemed that they

involve a question of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate termination of the litigation. 155 Ill. 2d R. 308. We apply a *de novo* standard of review to legal questions presented in an interlocutory appeal brought pursuant to Supreme Court Rule 308(a). *Anthony v. City of Chicago*, 382 Ill. App. 3d 983, 987, 888 N.E.2d 721, 725 (2008).

In addition to the three certified questions we are asked to review, Meltzer and Palmer urge us to reverse the grant of partial summary judgment in favor of Preferred. However, our review is strictly limited to the certified questions presented; we do not render any opinion on the propriety of any underlying rulings of the trial court. *Anthony*, 382 Ill. App. 3d at 987, 888 N.E.2d at 725. Consequently, we proceed to analyze and answer only the certified questions, each in turn.

## Standing

We note, as did the trial court, that the instant case is in an unusual posture, in that the malpractice defendants Palmer and Meltzer were joined in the same underlying litigation against Gallagher in which Preferred sought to establish the harm it suffered as a result of its attorneys' deficient representation. Preferred asserts that joinder of the malpractice defendants was permissible as pleading in the alternative. Because the malpractice defendants were parties to the litigation, Preferred posits they had standing to present argument on the statute of limitations issue as it related to the claims against Gallagher, and they should now be foreclosed from litigating the issue. Conversely, the malpractice defendants contend that they did not have standing to present such argument where they were improperly joined in a multifarious pleading because the litigation against Gallagher was separate and distinct from the malpractice claims. They likewise assert that the malpractice action was premature because Gallagher had not as yet sustained any adverse ruling.

Preferred acknowledges that it can find no case where the underlying action and legal malpractice case were joined in one lawsuit. Nevertheless, Preferred reasons that Meltzer and Palmer were proper defendants because the Illinois Code of Civil Procedure allows joinder of multiple defendants. 735 ILCS 5/2—614 (West 2000). However, Preferred's position tacitly overlooks the abiding principle that a cause of action against multiple defendants must arise from the same transaction or series of transactions in order to permit joinder of the defendants. *Jaffke v. Anderson*, 162 Ill. App. 3d 290, 294, 515 N.E.2d 345, 348 (1987), *appeal denied*, 118 Ill. 2d 545, 520 N.E.2d 386 (1988). "Multifariousness is found where distinct and independent matters

are joined which require separate briefs and defenses, and the joinder of separate claims against two or more defendants." *Jaffke*, 162 Ill. App. 3d at 293, 515 N.E.2d at 348.

Here, we find merit in the malpractice defendants' argument that they were inappropriately joined in the underlying case, thereby rendering Preferred's complaint multifarious. Meltzer and Palmer further discern that Preferred's motive for joinder and affirmatively pleading the bar of limitations in their case against Gallagher was to use the ruling offensively against them in the malpractice action. This conclusion is claimed to find support in Preferred's stated reasons for its appeal in the Gallagher litigation: "to foreclose Meltzer-Palmer from arguing that Preferred prematurely abandoned a viable claim against Gallagher." *Preferred Personnel Services, Inc. v. Arthur J. Gallagher & Co.*, No. 1—05—1855, slip op. at 4 (September 29, 2006) (unpublished order pursuant to Supreme Court Rule 23).

Given the unusual posture of the case, although they are defendants, Meltzer and Palmer are asserting their own lack of standing to have joined in the argument on the limitations issue before the trial court, such that collateral estoppel and the doctrine of law of the case do not apply. However, in Illinois, lack of standing is an affirmative defense. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 494, 524 N.E.2d 561, 575 (1988). The doctrine of standing, along with the doctrines of mootness, ripeness, and justiciability, is one of the methods by which courts preserve for consideration only those disputes which are truly adversarial and capable of resolution by judicial decision. *Amtech Systems Corp. v. Illinois State Toll Highway Authority*, 264 Ill. App. 3d 1095, 1102, 637 N.E.2d 619, 624 (1994). Standing in Illinois requires "some injury in fact to a legally cognizable interest." *Greer*, 122 Ill. 2d at 492, 524 N.E.2d at 574-75. The essence of the standing inquiry is whether the party is entitled to have the court decide the merits of the dispute or particular issue. *Amtech Systems Corp.*, 264 Ill. App. 3d at 1102, 637 N.E.2d at 624. "However, whether an action is 'premature,' that is, not ripe for adjudication, focuses on an evaluation of the fitness of the issue for judicial decision at that point in time." *Weber v. St. Paul Fire & Marine Insurance Co.*, 251 Ill. App. 3d 371, 372-73, 622 N.E.2d 66, 67 (1993). Whether an actual controversy exists and is ripe for adjudication is reviewed *de novo*. *National City Corp. v. Department of Revenue*, 366 Ill. App. 3d 37, 851 N.E.2d 224 (2006).

We find the holding of *Weber* instructive. In *Weber* the defendant insurer argued that the executor did not have standing to bring a declaratory judgment action for a duty to indemnify because there was not yet a finding of liability and a judgment in the underlying action.

The *Weber* court found that the issue was one of ripeness rather than standing, that the declaratory judgment action to determine the insurer's duty to indemnify was premature prior to a determination of the insured's liability, and that the trial court erred in not granting the insurer's motion to dismiss the indemnity-based claim as premature. *Weber*, 251 Ill. App. 3d at 374, 851 N.E.2d at 69. Similarly, here resolution of the first question is more appropriately bottomed on considerations of prematurity in determining whether Meltzer and Palmer's arguments on the limitations issue were ripe for adjudication.

■ To prevail in a legal malpractice action, a plaintiff must plead and prove the following elements: (1) an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that "but for" the attorney's malpractice, plaintiff would have prevailed in the underlying action; and (4) actual damages. *Cedeno v. Gumbiner*, 347 Ill. App. 3d 169, 174, 806 N.E.2d 1188, 1192 (2004). As a general rule, a cause of action for legal malpractice will not accrue prior to the entry of an adverse judgment, settlement, or dismissal of the underlying action in which plaintiff has become entangled due to the purportedly negligent advice of his attorney. *Warnock v. Karm Winand & Patterson*, 376 Ill. App. 3d 364, 876 N.E.2d 8 (2007), citing *Lucey v. Law Offices of Pretzel & Stouffer*, 301 Ill. App. 3d 349, 356, 703 N.E.2d 473, 479 (1998). When uncertainty exists as to the very fact of damages, as opposed to the amount of damages, damages are speculative, and no cause of action for malpractice can be said to exist. *Lucey*, 301 Ill. App. 3d at 355, 703 N.E.2d at 478. See *Mitchell v. Schain, Fursel & Burney, Ltd.*, 332 Ill. App. 3d 618, 622, 773 N.E.2d 1195 (2002) (affirmed grant of summary judgment in favor of defendant attorneys where the cause of action in the underlying case was still viable at the time they were discharged, and thus the attorneys did not proximately cause the plaintiff's injuries).

According to Preferred, the prematurity doctrine is distorted and the case law can be "misread" to require resolution of the underlying claim before a legal malpractice claim can be filed, thereby potentially shielding attorneys from malpractice claims by the expiration of the statute of limitations. Preferred submits that malpractice actions should be allowed to proceed contemporaneously in the same action with the underlying claims because the malpractice limitations period may expire prior to the resolution of the underlying case. Preferred asserts that a cause of action for malpractice accrues when a party is injured, and not when there is an adverse judgment in the underlying case. Thus, Preferred argues, joinder of the malpractice case in the

underlying case avoids potentially inconsistent results and affords the malpractice defendants a chance to be heard on an issue that could damage them.

■ Curiously, Preferred's argument appears to be premised upon the date for commencement of the malpractice statute of repose under section 13—214.3(c) of the Illinois Code of Civil Procedure, rather than the accrual date for the statute of limitations under subsection (b). See 735 ILCS 5/13—214.3 (West 2000). The malpractice statute of limitations provides that a suit for legal malpractice must be brought within two years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought. 735 ILCS 5/13—214.3(b) (West 2000). Under the prevailing "discovery rule," the two-year period does not necessarily begin the day the plaintiff suffers his injury; "rather, the period starts when the plaintiff knows or should know facts that would cause him to believe that his injury was wrongfully caused." *Romano v. Morrisroe*, 326 Ill. App. 3d 26, 28, 759 N.E.2d 611, 613 (2001). "It is the realized injury to the client, not the attorney's misapplication of his legal expertise, that marks the point for measuring compliance with a statute of limitations. [Citation.]" *Romano*, 326 Ill. App. 3d at 31, 759 N.E.2d at 616.

■ On the other hand, the statute of repose for malpractice actions under section 13—214.3(c) provides that no action for malpractice may be brought if "the act or omission" upon which it is based occurred more than six years prior to the filing. 735 ILCS 5/13—214.3(c) (West 2004). As this court recognized in *Goodman v. Harbor Market, Ltd.*, 278 Ill. App. 3d 684, 663 N.E.2d 13 (1995), the earlier commencement date for the malpractice statute of repose is due to different legislative intent and policy considerations. " 'The period of repose gives effect to a policy different from that advanced by a period of limitations; it is intended to terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge of his cause of action.' " *Goodman*, 278 Ill. App. 3d at 690, 663 N.E.2d at 18, quoting *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 422, 490 N.E.2d 665 (1986). Thus, Preferred's argument appears to be based on an incorrect accrual date.

In *Warnock*, we held that the plaintiffs could not have reasonably discovered that the letter agreements at issue were negligently prepared until the date the circuit court granted the motion for judgment on the pleadings in the underlying case, and as such, the statute of limitations began to run on that date. *Warnock*, 376 Ill. App. 3d at 372, 876 N.E.2d at 15. Similarly here, Preferred's cause of action for malpractice accrued, and the statute of limitations for malpractice

began to run, on the date the underlying claims against Gallagher were dismissed.

Moreover, injury alone is not sufficient to state a cause of action for legal malpractice; actual damage is a required element. See *Lucey*, 301 Ill. App. 3d at 355, 703 N.E.2d at 478. A cause of action for legal malpractice does not accrue until the client discovers, or should discover, the factors establishing the elements of his cause of action. *Goodman*, 278 Ill. App. 3d at 687, 663 N.E.2d at 16. Until Preferred suffered damage in its case against Gallagher, no cause of action for legal malpractice could be maintained. Notably, before the dismissal of the Gallagher claims, Preferred's malpractice action against Meltzer and Palmer was indeed premature.

Thus, contrary to Preferred's argument, there is no statute of limitations problem presented by a premature malpractice case because the cause of action has not yet accrued and ripened. The only concern may be the expiration of the repose period, which begins running on the date of the negligent act or omission and may cut off malpractice actions in some cases. However, this court has previously addressed this concern and noted that it will rarely occur in the litigation setting. Even in transactional settings where an action may be cut off before a party has damages in underlying litigation, the concern is addressed by the option of bringing such action by way of the impleader statute and third-party complaint under an implied indemnity theory. *Lucey*, 301 Ill. App. 3d at 363, 703 N.E.2d at 483.

We note that Preferred submits that *Fox v. Seiden*, 382 Ill. App. 3d 288, 887 N.E.2d 736 (2008), offers support for its position. However, *Fox* actually lends credence to the malpractice defendants' argument that the action against them did not accrue until an adverse judgment on the claims against Gallagher. In *Fox*, we analyzed the requirement of actual damages and held that where malpractice was alleged in the prosecution of a case, the entry of judgment in that underlying case, as opposed to payment of the judgment, is sufficient to establish the element of damages to state a legal malpractice claim. See *Fox*, 382 Ill. App. 3d at 297-99, 887 N.E.2d at 744-46.

Preferred also offers *Kerschner v. Weiss & Co.*, 282 Ill. App. 3d 497, 667 N.E.2d 1351 (1996), in support of its argument against prematurity. However, *Kerschner* specifically distinguished a holding of prematurity in another malpractice case as not controlling because *Kerschner* involved a third-party action under a theory of implied indemnity (735 ILCS 5/2—406 (West 1996)), rather than malpractice, which requires a finding of injury in the underlying litigation. See *Kerschner*, 282 Ill. App. 3d at 507, 667 N.E.2d at 1356, distinguishing *Farm Credit Bank v. Gamble*, 197 Ill. App. 3d 101, 554 N.E.2d 779

(1990). Yet, here again, Preferred could not show injury until its claims against Gallagher were decided.

We similarly find *Alper v. Altheimer & Gray*, 65 F. Supp. 2d 778 (N.D. Ill. 1999), inapposite, as there the district court found that, unlike most malpractice cases, which necessitate resolution of the underlying action to establish damages, the underlying transaction was complete (sale of merchandising business) and the amount of damages was already established. *Alper*, 65 F. Supp. 2d at 785. Here, conversely, there was no adverse finding as yet in Preferred's litigation against Gallagher, as Preferred sued all parties at the same time, and thus there were no underlying damages established.

Preferred necessarily concedes the unusual posture of this case, yet fails to offer any precedent that is supportive of its position, presumably because Illinois courts essentially do not allow malpractice cases to proceed simultaneously with the underlying litigation. Instead, guiding precedent dictates the malpractice case is either dismissed or stayed pending an adverse adjudication in the underlying case thereby giving rise to such malpractice action. In *Schulte v. Burch*, 151 Ill. App. 3d 332, 502 N.E.2d 856 (1986), the circuit court dismissed a malpractice claim against an attorney who failed to commence proceedings against a subcontractor for a mechanic's lien foreclosure within the prescribed time period. The *Schulte* court affirmed the dismissal and held that the malpractice action would not become ripe until the cause of action on the bond was lost. *Schulte*, 151 Ill. App. 3d at 336, 502 N.E.2d at 859. The judgment, however, was modified to state that the cause of action was dismissed "without prejudice to refiling if such cause of action should ripen." *Schulte*, 151 Ill. App. 3d at 336, 502 N.E.2d at 859. See also *Estate of Bass v. Katten*, 375 Ill. App. 3d 62, 871 N.E.2d 914 (2007) (legal malpractice case not dismissed but, rather, was stayed pending adjudication of the underlying case).

We are cognizant that our courts have repeatedly cautioned that an early accrual date, before the client suffers any realized injury to start running the statute of limitations, "could lead to a surfeit of provisional and prophylactic malpractice cases." *Romano*, 326 Ill. App. 3d at 32, 759 N.E.2d at 616. See also *York Woods Community Ass'n v. O'Brien*, 353 Ill. App. 3d 293, 299, 818 N.E.2d 350, 356 (2004). As the *Romano* court succinctly stated, had the underlying action been decided in the plaintiff's favor, "there would have been no valid malpractice claim, and the malpractice case would have spent over two years on a court docket, wasting judicial resources on a case in which no one was injured." *Romano*, 326 Ill. App. 3d at 32, 759 N.E.2d at 616-17. Similarly here, had the Gallagher motion been decided in Preferred's favor, Preferred would have suffered no injury ripening

into claims against the malpractice defendants. Moreover, there are sound policy reasons against a "provisional malpractice action," including inconsistent verdicts, "disastrous" results to attorney and client since the client will be taking polar opposite positions in each suit, and, especially noteworthy here, alerting the other party in the underlying action to defenses and causing damages which might not otherwise have arisen. *Lucey*, 301 Ill. App. 3d at 357-58, 703 N.E.2d at 479-80. Thus, Preferred's lawsuit against Meltzer and Palmer was indeed premature.

Due to the prematurity of the claims against them, Meltzer and Palmer lacked standing to make any argument on the Gallagher limitations issue, as they did not yet have an injury to a legally cognizable interest. The doctrine of standing seeks to insure that courts decide "actual controversies." " 'Actual' does require a showing that the underlying facts and issues of the case are not moot or premature; there must be a concrete dispute that admits of an immediate and definitive determination of the parties' rights." *Moran Transportation Corp. v. Stroger*, 303 Ill. App. 3d 459, 469-70, 708 N.E.2d 508, 515 (1999). "In order for a party to have standing, the party must suffer some injury in fact to a legally cognizable interest and must have sustained, or be in immediate danger of sustaining, a direct injury as a result of the complained-of conduct." *Brockett v. Davis*, 325 Ill. App. 3d 727, 730, 762 N.E.2d 513 (2001). It is not sufficient that a party may suffer in some abstract way; there must be a direct injury to his property or rights. *Brockett*, 325 Ill. App. 3d at 731, 762 N.E.2d at 516.

As noted, although here Meltzer and Palmer were joined as defendants by plaintiff, damages had not yet been established in the underlying claims against Gallagher; accordingly, no cause of action against Meltzer and Palmer had yet accrued. The issue of the insurance producer bar of limitations affected Gallagher, but did not yet affect the malpractice defendants. See *Schranz v. I.L. Grossman, Inc.*, 90 Ill. App. 3d 507, 512, 412 N.E.2d 1378, 1384 (1980) (defendants lacked standing to contest an order that solely affected the interests of other parties). Although a favorable ruling on the limitations issue in Gallagher's motion to dismiss might be helpful to Meltzer and Palmer if and when claims against them did accrue, that contingency does not serve to provide standing. See *Brockett*, 325 Ill. App. 3d at 731, 762 N.E.2d at 516 (holding that although a party would ultimately benefit from a finding that bills were void for lack of the doctors' certificate registration, there was no evidence that he suffered a direct injury, and thus he lacked standing to raise the issue of whether the bills were void). *Cf. Anderson v. Alberto-Culver USA, Inc.*, 337 Ill. App. 3d 643, 661, 789 N.E.2d 304, 317 (2003) (defendants filed both a contribu-

tion claim and third-party claim against other defendants and, therefore, had a legally cognizable interest in the outcome of the trial even though they were not part of the judgment). Nor does the fact that Preferred chose to join the malpractice defendants in the same action with the underlying case against Gallagher provide the malpractice defendants with standing to make any argument in the separate claims against Gallagher. See 735 ILCS 5/2—405 (West 2004). Here, the malpractice defendants were improperly joined from the outset, and they did not have standing to make any argument as to the separate transaction alleged in the claims against Gallagher.

We therefore answer the first certified question "no," though we clarify that given the prematurity of the Meltzer and Palmer claims, precedent instructs that the issue is more accurately addressed or identified in terms of ripeness. The suit against Meltzer and Palmer was premature, and thus, any challenge they may have had to the statute of limitations issue on the Gallagher claims would not have been ripe for adjudication by the trial court until the claims against Gallagher were adjudicated with a resultant injury to Preferred.

## Collateral Estoppel

■ Preferred next asserts that the second certified question should be answered in the affirmative, collaterally estopping Meltzer and Palmer from litigating the applicability of the insurance producer statute of limitations to the claims against Gallagher. Collateral estoppel is an equitable doctrine that prevents a party from relitigating an issue that has been decided in a prior proceeding. The doctrine applies when a party, or someone in privity with a party, participates in two separate and consecutive cases arising on different causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction. *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389-90, 757 N.E.2d 471, 477 (2001). Collateral estoppel is appropriate when: (1) the issue decided in the prior adjudication is identical to the issue presented in the present suit; (2) a final judgment was entered on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *Talarico v. Dunlap*, 177 Ill. 2d 185, 191, 685 N.E.2d 325, 328 (1997). Parties do not need to have actually opposed the ruling before its effects will be binding upon them. *Vroegh v. J&M Forklift*, 165 Ill. 2d 523, 532, 651 N.E.2d 121, 127 (1995). It is enough that they had a full and fair opportunity to litigate the issue in question. *Vroegh*, 165 Ill. 2d at 532, 651 N.E.2d at 127.

Nonetheless, even where the threshold elements of the doctrine

are satisfied, and an identical common issue is found to exist between a former and current lawsuit, collateral estoppel must not be applied to preclude parties from presenting their claims or defenses unless it is clear that no unfairness results to the party being estopped. *Kessinger v. Grefco, Inc.,* 173 Ill. 2d 447, 467-68, 672 N.E.2d 1149, 1158 (1996). It is axiomatic that circuit courts have broad discretion to ensure that application of offensive collateral estoppel is not fundamentally unfair to the defendant, even though the threshold requirements for collateral estoppel are otherwise satisfied. *In re Owens,* 125 Ill. 2d 390, 399, 532 N.E.2d 248, 252 (1988).

Meltzer and Palmer assert that they should be able to present their defense and litigate the issue of whether Preferred succumbed to the bar of limitations and prematurely abandoned other available causes of action against Gallagher. Preferred contends that Meltzer and Palmer should be barred from litigating the applicability of the insurance producer limitations period as well as the viability of other causes of action because they failed to offer any argument on the limitations issue when initially resolved on Gallagher's motion.

It would appear that Preferred is seeking to use collateral estoppel offensively. Offensive use of collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from litigating an issue the defendant has previously litigated unsuccessfully in another action. *Owens,* 125 Ill. 2d at 397, 532 N.E.2d at 251. Notably here, Preferred joined Meltzer and Palmer in the same case as against Gallagher, and thus we are not presented with the usual circumstance of two separate cases. Preferred nonetheless argues that since Meltzer and Palmer were parties, they had the opportunity to litigate the issues. However, as noted, the claims against Meltzer and Palmer were premature, and thus they did not litigate the issues at the time of Gallagher's motion. Meltzer and Palmer should not be foreclosed from litigating an issue they have not previously litigated.

In the instant case, as in *Talarico,* the absence of an incentive to vigorously litigate in the former proceeding is relevant in the application of collateral estoppel. Here, Meltzer and Palmer did not have incentive to litigate the issue, as any claims against them were premature before resolution of the claims against Gallagher. "There must have been the incentive and opportunity to litigate, so that a failure to litigate the issue is in fact a concession on that issue." *Talarico,* 177 Ill. 2d at 192, 685 N.E.2d at 328. Given that any cause of action against Meltzer and Palmer was premature pending a determination of the claims against Gallagher, it would be unfair to allow Preferred's use of offensive collateral estoppel to foreclose Meltzer and Palmer's litigation of the issue of Preferred's premature abandonment of possible viable causes of action against Gallagher.

Tellingly, Illinois courts have cautioned against offensive use of collateral estoppel because, as noted by our supreme court, it does not always foster judicial economy and fairness in the way that defensive use of collateral estoppel typically does, instead perhaps providing an incentive to adopt a " 'wait and see' " attitude, in the hope that the first action by another plaintiff will result in a favorable judgment. *Owens*, 125 Ill. 2d at 398, 532 N.E.2d at 251-52, quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 330, 58 L. Ed. 2d 552, 561, 99 S. Ct. 645, 651 (1979). See also *American Family Mutual Insurance Co. v. Savickas*, 193 Ill. 2d 378, 390, 739 N.E.2d 445, 452 (2000). This caution is especially well-founded in the case at bar, where the malpractice claims were brought prematurely against Meltzer and Palmer by improper joinder to maintain a provisional malpractice suit prior to adjudication of the underlying claims. As noted, Preferred openly stated, on prior appeal of the Gallagher claims, that its purpose in litigating the claims against Gallagher to finality on appeal was "to foreclose Meltzer-Palmer from arguing that Preferred prematurely abandoned a viable claim against Gallagher."

Further, even if collateral estoppel applied, the issue that was actually decided was limited to whether a cause of action against Gallagher was time-barred under section 13—214.4 of the Code of Civil Procedure (735 ILCS 5/13—214.4 (West 2000)). Application of the doctrine of collateral estoppel must be narrowly tailored to fit the precise facts and issues that were clearly determined in the prior judgment. *Kessinger*, 173 Ill. 2d at 467, 672 N.E.2d at 1158. Thus, a judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined, and not as to other matters which might have been litigated and determined. *Nowak*, 197 Ill. 2d at 390, 757 N.E.2d at 477.

Here, a close reading of our prior order reveals that the only issue that was litigated was the propriety of the dismissal of the claims against Gallagher. Accordingly, we held that the claims against Gallagher were properly dismissed based on Preferred's own admission that the section 13—214.4 limitations period applied, and that its claims against Gallagher were time-barred on that basis. See *Preferred Personnel Services, Inc. v. Arthur J. Gallagher & Co.*, No. 1—05—1855 (September 29, 2006) (unpublished order pursuant to Supreme Court Rule 23). The applicability of other limitations periods, and whether Preferred could have sued Gallagher for other causes of action under different theories of recovery, obviously concern issues that were not litigated and decided. Considerations of fairness dictate that collateral estoppel should not be used to foreclose Meltzer and Palmer from now litigating the limitations issue.

Therefore, we answer the second certified question "no." Preferred should not be allowed to prematurely bring a simultaneous malpractice action against Meltzer and Palmer, and then seek to use rulings in the underlying case offensively when the claims against them are not yet ripe for adjudication. Collateral estoppel does not apply as against the malpractice defendants, and they should have a full opportunity to litigate the statute of limitations issue, Preferred's abandonment of other viable causes of action against Gallagher, and any other issues in their own defense.

## Law of the Case

■ The law-of-the-case doctrine prohibits the reconsideration of issues that have been decided by a reviewing court in a prior appeal. *In re Christopher K.*, 217 Ill. 2d 348, 363, 841 N.E.2d 945, 955 (2005). "The rule is that no question which was raised or could have been raised in a prior appeal on the merits can be urged on subsequent appeal and those not raised are considered waived." *Kazubowski v. Kazubowski*, 45 Ill. 2d 405, 413, 259 N.E.2d 282 (1970). However, the law-of-the-case doctrine is not binding on the trial court in a subsequent stage of the litigation when (1) there are different issues involved, (2) there are different parties involved, or (3) the underlying facts change. *Scheffel & Co. v. Fessler*, 356 Ill. App. 3d 308, 312, 827 N.E.2d 1, 4 (2005).

Meltzer and Palmer were not parties to Preferred's appeal of the dismissal of its claims against Gallagher, and thus the law-of-the-case doctrine does not apply to them. Indeed, this is a subsequent stage of the litigation where Meltzer and Palmer are now the parties at issue. Also, as noted, the only issue that was litigated was the propriety of the dismissal of the claims against Gallagher, which was based on Preferred's admission that its claims against Gallagher were time-barred under the section 13—214.4 limitations period. The applicability of other limitations periods and the viability of alternate causes of action against Gallagher are issues that were not litigated.

## CONCLUSION

For all of the foregoing reasons, we answer all three of the certified questions in the negative.

Certified questions answered; cause remanded.

FITZGERALD SMITH, P.J., and O'MARA FROSSARD, J., concur.