BILLY E. JOHNSON, Plaintiff-Appellee, v. THE DEPARTMENT OF COR-RECTIONS *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—88—1205

Opinion filed August 18, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for appellant Civil Service Commission.

Neil F. Hartigan, Attorney General, of Springfield (Matthias A. Lydon, Special Assistant Attorney General, of Chicago, and John A. Dienner III, of counsel), for appellant Department of Corrections.

Arthur R. Ehrlich and Gerald A. Goldman, both of Goldman & Marcus, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:
Plaintiff sought administrative review of the decision of the Civil Service Commission (Commission) discharging him from employment with the Department of Corrections (DOC). The circuit court reversed the Commission's order of discharge and remanded the matter to the Commission for imposition of a penalty not to exceed suspension for 60 days. On remand, plaintiff was suspended for 60 days.

We affirm.

From March 4, 1984, until July 23, 1985, plaintiff, Billy E. Johnson, was employed by the DOC as a chief of security at the Stateville Correctional Center (Stateville), a certified civil service position under coverage of the Personnel Code (Ill. Rev. Stat. 1985, ch. 127, pars. 63b101 through 63b119c.1). On July 23, 1985, Johnson, at the request of the DOC, assumed the position of assistant warden at the Pontiac Correctional Center (Pontiac), a position exempt from coverage under the Personnel Code.

Johnson took a leave of absence in order to assume the position at Pontiac. We note, parenthetically, that such leaves to take exempt positions are authorized under section 303.155 of the Illinois Administrative Code (Administrative Code) (80 Ill. Adm. Code §303.155 (1985)), the provisions of which implement, and are authorized by, the Personnel Code.

The Department of Central Management Services approved Johnson's request for leave on August 27, 1985. The request was applied retroactively to July 23, 1985. Johnson's leave was approved for one year and expired on July 23, 1986.

The record indicates Johnson sought to extend the leave of absence beyond its expiration as permitted under section 303.155 of the Administrative Code. In a hearing before the Commission following discharge, Johnson established that, in the spring of 1986, and prior to July 23, 1986, Kay McDougal, his secretary at Pontiac, prepared, at his instruction, a request for extension of the leave. In other testimony, Joann K. Simms, a personnel officer at Pontiac, corroborated that Johnson had sought an extension of his leave. Simms stated a clerk in the personnel office had asked her about the proper procedure respecting Johnson's request, and Simms had advised the clerk to forward the form to Stateville for approval by the warden there. Simms testified forwarding such requests was done as a courtesy to employees. Johnson further established that approximately one week following expiration of his leave on July 23, 1986, he spoke to Simms about his requested extension. Simms had indicated that approval would "take time."

During the period following the expiration of his leave of absence until his eventual discharge, Johnson continued to function as assistant warden at Pontiac.

On September 8, 1986, Johnson received a letter from James R. Berger, chief personnel officer of the DOC, informing Johnson that, because his leave of absence had expired on July 23, 1986, and was not "renewed," Johnson was subject to discharge pursuant to section

303.153 of the Administrative Code (80 Ill. Adm. Code §303.153 (1985)). Section 303.153 authorizes discharge for the failure of an employee to return from leave within five days after its expiration date. Johnson subsequently received a formal notice of discharge which he appealed to the Commission.

The hearing before the Commission was held on October 15, 1986. The hearing officer determined the following undisputed facts were established by evidence presented: Johnson did not return to his position at Stateville within five days of expiration of his leave on July 23, 1986; Johnson's leave was never approved for extension; Johnson never checked with Stateville authorities to see if they had received his request for extension of his leave; no request for extension of the leave appeared in Johnson's personnel file; and, upon Johnson's termination as assistant warden at Pontiac, Johnson did not apply with the DOC for reinstatement as chief of security at Stateville as required by section 303.155 of the Administrative Code (80 Ill. Adm. Code §303.155 (1985)).

The hearing officer determined, however, that discharge was too severe a penalty under the facts of Johnson's case and recommended, instead, suspension for 60 days. Specifically, the hearing officer noted that Johnson had followed the same procedures in seeking an extension of the leave as he had in seeking leave initially and had relied on the courtesy of the Pontiac personnel department to properly forward his request for an extension of the leave. The hearing officer reasoned Johnson could not be reasonably held accountable for the request going "astray."

By order entered on December 17, 1986, the Commission adopted the hearing officer's findings of fact. However, the Commission rejected the recommended suspension and upheld Johnson's discharge. The Commission's decision stated discharge was warranted because Johnson's failure to diligently act on the extension "caused confusion and ultimately was harmful to the good order of the merit system."

On January 20, 1987, Johnson filed his complaint for administrative review of the Commission's decision in the circuit court against the DOC and the Commission.

A hearing on Johnson's complaint was held on December 23, 1987. In rendering his decision, the trial judge noted the existence of mitigating factors, including the "bureaucratic conduct" of the DOC in not timely processing Johnson's request for extension of his leave and Johnson's reasonable belief the extension would be approved. In light of those circumstances, the trial judge ruled, Johnson's discharge was arbitrary and warranted reversal. An order was entered the

same day reversing Johnson's discharge and remanding the matter to the Commission for imposition of a penalty not to exceed suspension for 60 days.

On February 25, 1988, the Commission rendered its decision, suspending Johnson for 60 days.

On March 17, 1988, defendants filed a motion in the circuit court to have the court review the Commission's modified sanction so that defendants could appeal Johnson's reinstatement. Defendants also sought to stay enforcement of the Commission's decision pending appeal.

On March 21, 1988, the circuit court entered an order making the Commission's decision of February 25, 1988, final and appealable. The court also granted defendants' stay request.

On March 31, 1988, pursuant to Johnson's motion for reconsideration of that portion of the March 21, 1988, order staying effect of the Commission's decision, the circuit court entered an order vacating the stay.

On April 19, 1988, defendants filed their notice of appeal. The notice recited that appeal was sought from orders entered by the circuit court on December 23, 1987, and March 21, 1988. Attached to the notice was the order entered December 23, 1987, and, apparently by mistake, the order of March 31, 1988.

On May 13, 1988, Johnson filed a motion in this court to dismiss defendants' appeal for lack of jurisdiction based on deficiencies in the notice of appeal. We decided to take that motion with the case.

OPINION

We address, first, Johnson's motion to dismiss.

Johnson contends the notice of appeal is deficient because it purportedly appeals from the circuit court's order of March 21, 1988, but had attached, instead, the order of March 31, 1988. Johnson argues it is therefore unclear which order is actually being appealed.

■ Although defendants attached the order of March 31, 1988, to the notice of appeal, rather than the order of March 21, 1988, to which the notice actually refers, the notice of itself is not ambiguous as to which order is being appealed. The notice states defendants were appealing from orders of the circuit court entered March 21, 1988, and December 23, 1987, "reversing the decision of the Civil Service Commission." The attached order of March 31, 1988, merely sought stay of enforcement of the effect of those prior orders and did not concern, directly, reversal of the Commission's decision. Additionally, we note that under Supreme Court Rule 303 (107 Ill. 2d R. 303),

which specifies the form and content of the notice of appeal, appellants are not required to attach the order or orders from which appeal is sought. The attachment of the order of March 31, 1988, is merely an error of form, not substance, and cannot constitute a basis to dismiss defendants' appeal. See *Ebert v. Dr. Scholl's Foot Comfort Shops, Inc.* (1985), 137 Ill. App. 3d 550, 484 N.E.2d 1178.

Johnson also contends the notice is untimely because appeal is sought from the circuit court's order of December 23, 1987. Johnson maintains that that order was final and its entry therefore commenced the period for timely filing notice of appeal because, upon remand, the Commission needed only to enter an order conforming to the circuit court's instruction to impose a lesser sanction than discharge.

■ An order by the circuit court remanding a cause to an agency to impose a sanction other than that imposed is not final and appealable because it does not terminate the litigation between the parties on the merits. (*Mitrenga v. Martin* (1982), 110 Ill. App. 3d 1006, 443 N.E.2d 268.) Only after the circuit court reviews the results of the agency's additional proceedings upon remand, and enters a subsequent order thereon, is the litigation between the parties terminated. (*Mitrenga,* 110 Ill. App. 3d at 1007, 443 N.E.2d at 269-70.) Jurisdiction remains with the circuit court until after the administrative agency has acted on the court's order. *Mitrenga,* 110 Ill. App. 3d at 1007, 443 N.E.2d at 269-70.

■ The order of December 23, 1987, did not completely dispose of all matters, but, rather, commanded the Commission to determine an appropriate sanction other than discharge, which did not exceed suspension for 60 days. The Commission had discretion in imposing the new sanction on remand. Review of that sanction by the circuit court was a crucial procedural step to insure the entire record of the cause, from charge to sanction, would be properly before the appellate court. (See *Mitrenga,* 110 Ill. App. 3d at 1008, 443 N.E.2d at 269, citing *Robinson v. Cook County Police & Corrections Merit Board* (1981), 93 Ill. App. 3d 1051, 418 N.E.2d 170.) That defendants cited the December 23, 1987, order in the notice of appeal, in addition to the final order of March 21, 1988, does not render the notice defective and cannot deprive this court of jurisdiction over defendants' appeal.

Finding no basis to dismiss the instant appeal, we proceed to consider the merits of defendants' arguments. We note here that although defendants filed separate appellate briefs, the brief of the DOC adopted, where not inconsistent with its own position, the argu-

ments made by the Commission.

In its brief on appeal, the DOC contends the Commission did not have jurisdiction to conduct a hearing on plaintiff's discharge because Johnson failed to apply for reinstatement of his position at Stateville at the expiration of his leave of absence from that position as required by section 303.155 of the Administrative Code. Section 303.155 states, in part:

> "[A]n agency may approve leaves of absence for certified employees who accept appointment in a position which is exempt from *** [the Administrative Code]. Such leaves of absence may be for a period of one year or less and may be extended for additional one year periods. At the expiration thereof, an employee shall be restored to the same or similar position upon making application of the employing agency with continuous service including the period of such leave ***." (80 Ill. Adm. Code §303.155 (1985).)

Essentially, the DOC argues that Johnson's certified employment status was forfeited by operation of section 303.155 when he failed to apply for reinstatement to his certified position at Stateville by the moment his leave expired.

We are not persuaded by that argument. Although the Administrative Code does not address the situation presented here, where a leave has expired and no application has been made by the employee for reinstatement to his former position, it is clear that the Commission does not forfeit, because of the employee's inaction, jurisdiction over the employee's subsequent appeal for discharge. Section 303.155, itself, merely mandates reinstatement of the employee to his former, or a similar, position upon the employee's application following expiration of his leave. It does not automatically terminate employment status where the employee has not made an application for reinstatement.

Moreover, that section cannot be read in isolation but must be considered in conjunction with section 303.153, the section under which Johnson was discharged. Section 303.153 states:

> "Failure to return from leave within 5 days after the expiration date [of an authorized leave of absence] may be cause for discharge." (80 Ill. Adm. Code §303.153 (1985).)

When those sections are considered together, it is clear formal discharge proceedings are necessary to dismiss an employee who, at the expiration of an authorized leave, has failed to return within five days to his former position, which return is effectuated automatically upon the employee's application.

It cannot be disputed that the Commission has jurisdiction to hear the appeal of an employee so discharged. The Personnel Code, under which the Commission is created (see Ill. Rev. Stat. 1985, ch. 127, pars. 63b103, 63b110), commands, in section 11:

"No [certified] employee *** shall be removed[ ] [or] discharged *** except for cause, upon written charges approved by the Directors of Personnel, and after an opportunity to be heard in his own defense if he makes written request to the Commission within 15 days after the serving of the written charges upon him." (Ill. Rev. Stat. 1985, ch. 127, par. 63b111.)

(See also 80 Ill. Adm. Code §1.130 (1985) (providing the same opportunity to a certified employee discharged pursuant to charges approved by the Director of Central Management Services.)) We therefore determine the Commission had jurisdiction to conduct a hearing on Johnson's appeal.

The DOC and the Commission both contend the Commission's decision to discharge Johnson was not arbitrary and that the circuit court erred in reversing the Commission's decision. They further argue the circuit court abused its discretion in entering an order mandating the Commission to impose a more lenient sanction than discharge.

Under section 11a of the Personnel Code (Ill. Rev. Stat. 1985, ch. 127, par. 63b111a), and as reflected in section 1.300 of the Administrative Code (80 Ill. Adm. Code §1.300 (1985)), final decisions of the Commission are reviewable by the circuit courts (see Ill. Rev. Stat. 1985, ch. 110, par. 3—104) under the Administrative Review Law (Act) (Ill. Rev. Stat. 1985, ch. 110, pars. 3—101 through 3—112). Section 3—111(a) of the Act (Ill. Rev. Stat. 1985, ch. 110, par. 3—111(a)) outlines the power of the circuit courts upon review. Upon subsections (5) and (6) of that section, the administrative decision may be affirmed, reversed in whole or in part, or reversed and remanded in whole or in part. Ill. Rev. Stat. 1985, ch. 110, pars. 3—111(a)(5), (a)(6).

■ In cases of discharge, the scope of review is a two-step process. (*Department of Mental Health & Developmental Disabilities v. Civil Service Comm'n* (1981), 85 Ill. 2d 547, 426 N.E.2d 885.) We must first determine whether the agency's findings of fact are contrary to the manifest weight of the evidence. (*Department of Mental Health & Developmental Disabilities*, 85 Ill. 2d at 550-51, 426 N.E.2d at 887.) If they are not, we must further determine whether the findings of fact provide sufficient basis for discharge. (*Department of Mental Health & Developmental Disabilities*, 85 Ill. 2d at 550-51, 426

N.E.2d at 887.) The latter consideration is not measured by the manifest weight of the evidence test, but by whether the decision is arbitrary, unreasonable or unrelated to the requirements of service. *Sutton v. Civil Service Comm'n* (1982), 91 Ill. 2d 404, 407, 438 N.E.2d 147, 150-51.

In the instant case, the hearing officer's findings, adopted by the Commission, are not disputed. Therefore, we must only determine whether or not, in light of those findings, the Commission's decision to discharge plaintiff was arbitrary, unreasonable or unrelated to the requirements of service.

In arguing Johnson's discharge was justified, the Commission notes Johnson's position as a chief of security at Stateville involved administrative duties and concurrent significant responsibilities. The Commission argues Johnson's failure to obtain approval of the extension of leave prior to its expiration and his failure to monitor the status of his extension request provide the requisite association with performance of administrative duties to warrant his discharge.

■ The record, however, does not support that argument. As the hearing officer determined, Johnson attempted to extend his leave of absence using the same method by which he had originally, and apparently without incident, applied for his leave of absence. The record indicates that that method was customarily used by others who sought extensions. There is no evidence in the record that Johnson followed an incorrect procedure in requesting extension of his leave.

Further, although the record does not indicate Johnson made any attempt to expedite approval of the extension prior to the expiration of his leave, we cannot understand how Johnson's inaction "caused confusion and ultimately was harmful to the good order of the merit system," as the Commission concluded in determining discharge was warranted. While we recognize Johnson ultimately bore responsibility to monitor the progress of his request, we do not view his inaction as related to performance of his administrative duties, particularly in light that he followed customary procedure in seeking the request and had little, if any, control over its timely processing.

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

MURRAY, P.J., and PINCHAM, J., concur.