DAVIS BANCORP, INC., Plaintiff-Appellant, v. ILLINOIS COMMERCE COMMISSION *et al.*, Defendants-Appellees.

Fourth District   No. 4—93—1092

Argued May 18, 1994.—Opinion filed June 16, 1994.—Rehearing denied July 14, 1994.

Gary L. Smith (argued), of Loewenstein, Hagen, Oehlert & Smith, P.C., of Springfield, for appellant.

Melvin N. Routman, of Routman & Lawley, Ltd., of Springfield, and Leonard R. Kofkin, of Fagel & Haber, and Diana G. Collins, Special Assistant Attorney General (argued), both of Chicago, for appellees.

JUSTICE LUND delivered the opinion of the court:

The origin of this case is an application to the Illinois Commerce Commission (Commission) by City Transfer Company, Inc. (City Transfer), for an intrastate contract carrier permit. City Transfer desired to contract to provide bank courier services for First of America Bank Corporation (First Bank). Davis Bancorp, Inc. (Davis), intervened, opposing the application. Lanter Courier Corporation (Lanter), which held a common carrier certificate, had been providing carrier service for First Bank, and testimony on behalf of First Bank as to Lanter's tardiness was used to justify granting City Transfer's application. Lanter intervened, but has since withdrawn.

On the basis of a lack of standing, the hearing officer allowed City Transfer's motion to strike the testimony of Steven Lanter and Michael Stone, taken as an offer of proof to the effect of no tardiness by Lanter. Time records of Lanter were not allowed into evidence.

The Commission granted City Transfer a license on the basis of testimony of Lanter's tardiness. On motion for rehearing, the Independent Review Board directed the hearing examiner to admit and consider the testimony of Lanter and Stone on rehearing. On rehearing the testimony was again refused, but the Commission again granted the license.

On appeal to the circuit court of Sangamon County, the circuit court reversed and remanded, finding the exclusion of the evidence was error and stated:

"The Court is of the opinion that the constitutional rights of the Plaintiff for a fair hearing were denied and that the decision based

upon the discrepancies in the Order for Rehearing was against the manifest weight of the evidence.

This case is reversed and remanded for a new hearing and the Plaintiff should be allowed to call said rebuttal witnesses which would rebut the testimony of City Transfer as previously directed by the Independent Review Board."

Based upon subsequent motion for reconsideration and for an order allowing continued use of the license pending rehearing, the circuit court entered a docket order, the relevant portion of which is as follows: "Case reversed and remanded for full hearing. Court orders [s]tay on City Transfer's license to continue deliveries pending full hearing." This docket provision has been interpreted by City Transfer as allowing City Transfer to continue acting under the license, pending the ordered rehearing. Counsel for all parties agreed at oral argument that the judges reviewing administrative orders have the authority to remand for additional hearings, yet allow the continued viability of the administrative order pending rehearing. (See 735 ILCS 5/3—111(a)(1), (a)(5), (a)(7) (West 1992).) We agree that such authority exists—and that it is reasonable in many cases because it continues the status quo, pending a determination on rehearing. See *Cahokia Sportservice, Inc. v. Illinois Liquor Control Comm'n* (1975), 32 Ill. App. 3d 801, 806-07, 336 N.E.2d 276, 280-81.

Davis appeals only from that portion of the circuit court's order providing for a "stay." Prior to the circuit court proceeding, City Transfer had taken over the courier services for First Bank. Davis first argues that the circuit court's final order after reconsideration did not intend to allow City Transfer to continue to act under the authority of the license during the rehearing. Counsel suggests the use of the word "stay" referred to an appeal from the order of the circuit court. However, no such appeal existed or could have been filed. (See *Johnson v. Department of Corrections* (1989), 187 Ill. App. 3d 804, 809, 543 N.E.2d 847, 850 (circuit court remand to agency not a final and appealable order).) The reconsideration motion emphasized the necessity of continued use during rehearing, and we envision no other reason for the use of the terminology used by the circuit court except to create the right to continue operations pending rehearing. The circuit court's meaning is not in doubt.

Davis next argues that the circuit court's decision in allowing continued operation was an abuse of discretion because of the serious violation of rights by the hearing officer. City Transfer denies an abuse of discretion, and we agree. The circuit court was well aware that City Transfer had been created (and was functioning) under the authority of a Commission-granted license. The circuit court was

obviously aware that upon rehearing a determination that City Transfer should be granted authority was a possibility. To maintain the status quo under these facts cannot be held an abuse of discretion.

Affirmed.

COOK and STEIGMANN, JJ., concur.