# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Williams v. Illinois Civil Service Comm'n*, 2012 IL App (1st) 101344

| | |
|---|---|
| Appellate Court Caption | BENNIE WILLIAMS, JR., Plaintiff-Appellee, v. ILLINOIS CIVIL SERVICE COMMISSION and CHRIS KOLKER, in His Official Capacity as Chairman of the Illinois Civil Service Commission, Defendants-Appellees (The Department of Transportation, Defendant-Appellant). |
| District & No. | First District, Fourth Division<br>Docket No. 1-10-1344 |
| Rule 23 Order filed | March 15, 2012 |
| Rule 23 Order withdrawn | April 18, 2012 |
| Opinion filed | April 26, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the Illinois Civil Service Commission's original decision discharging plaintiff from his position with the Illinois Department of Transportation for throwing his paper pick at a coworker was reversed by the trial court on administrative review and, on remand, the Commission suspended plaintiff for 90 days, the suspension was reversed by the appellate court pursuant to the Department's appeal, since the Commission's original decision to discharge plaintiff was not arbitrary, unreasonable, or unrelated to the requirements of service, especially when plaintiff endangered the coworker by his actions and the Department had a zero-tolerance policy against workplace violence. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-L-50046; the Hon. Richard J. Billik, Jr., Judge, presiding. |
| Judgment | Reversed and vacated. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Sunil Bhave, Assistant Attorney General, of counsel), for appellant. |
| | No brief filed for appellees. |
| Panel | JUSTICE FITZGERALD SMITH delivered the judgment of the court, with opinion. |
| | Presiding Justice Lavin and Justice Sterba concurred in the judgment and opinion. |

**OPINION**

¶ 1 Plaintiff Bennie Williams, Jr., sought administrative review of the decision of the Civil Service Commission (Commission) discharging him from employment with the Illinois Department of Transportation (IDOT). The circuit court reversed the Commission's order of discharge and remanded the matter to the Commission for imposition of an appropriate discipline other than discharge. On remand, the Commission suspended Williams for 90 days, and the circuit court affirmed the Commission's decision. On appeal, IDOT contends that the circuit court erred in ordering the Commission to impose a level of discipline less than discharge, where the Commission's original decision to discharge Williams was not unreasonable or arbitrary. Williams has not filed a brief in response; however, we may proceed under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). We reverse and vacate.

¶ 2 Williams began at IDOT in October 2002 and in 2008 was working as a highway maintainer at the Dan Ryan Yard. IDOT brought charges against Williams for engaging in disruptive and violent conduct in the workplace stemming from an incident at about 7:15 a.m. on April 30, 2008, when Williams was observed by coworkers throwing a paper pick at another coworker in the garage bay. A paper pick is a stick with a long, sharpened point to pick up debris, such as paper and cans, along the highway. As a result of this incident,

Williams was discharged on June 10, 2008.

¶ 3    At hearings held in July and September 2008, the evidence showed that on April 30, 2008, Williams went to the storage room to sharpen his paper pick. Because the grinder used to sharpen the paper pick was unplugged, Williams testified that he requested an extension cord from the manager of the storage room, Anthony Holeyfield, who ignored him. According to Williams, he was "frustrated" that Holeyfield ignored his request and "tossed" the paper pick next to Holeyfield. Williams claimed that he was only five to eight feet behind Holeyfield when he tossed the pick. Williams stated he used an overhand toss by raising his arm above his shoulder with the front of the pick facing forward.

¶ 4    Williams' coworkers, Kelvin Brown and Kim Steele, testified that Williams threw his paper pick at Holeyfield from a distance of about 30 feet, and the pick landed about 2 feet away from Holeyfield. Steele stated that Williams threw the pick like "a javelin" with an "upward trajectory." Holeyfield then walked to the front office and complained to his supervisor, Dionne Winesberry, regarding the incident.

¶ 5    Giovanni Fulgenzi, IDOT's district personnel services manager, testified that IDOT has a zero-tolerance policy for violence or a threat of violence in the workplace. Fulgenzi defined the policy as meaning that "any act by an employee that may be construed as an act of violence or a threat of violence may be caused [*sic*] for discharge." IDOT ultimately concluded that Williams' conduct violated its zero-tolerance policy against workplace violence, and he was thus subject to immediate discharge.

¶ 6    On December 5, 2008, following the hearings, an administrative law judge (ALJ) issued a recommended finding that Williams' discharge was warranted. In doing so, the ALJ found that, based primarily on the testimony of Brown and Steele, Williams threw the paper pick in Holeyfield's general direction from a distance of about 30 feet. This conduct alone warranted Williams' discharge because it violated IDOT's zero-tolerance policy for incidents of workplace violence. On December 18, 2008, the Commission affirmed the ALJ's decision and upheld Williams' discharge.

¶ 7    On January 15, 2009, Williams filed a complaint for administrative review. On March 4, 2010, the circuit court affirmed the Commission's decision in part, holding that discipline may be imposed in this case. However, the court reversed the determination to discharge Williams and remanded the cause to the Commission for the imposition of appropriate discipline other than discharge. On March 19, 2010, the Commission entered an order on remand, finding the appropriate discipline to be a 90-day suspension. On April 19, 2010, the circuit court affirmed the Commission's March 19 decision.

¶ 8    IDOT now appeals the portion of the circuit court's final judgment affirming the Commission's decision to reduce the discipline Williams was subject to from discharge to a 90-day suspension. IDOT specifically maintains that the Commission's original decision to discharge Williams was not arbitrary or unreasonable given his violent conduct in throwing the paper pick at a coworker.

¶ 9    We review the decision of the administrative agency and not the decision of the circuit court. *Department of Revenue v. Civil Service Comm'n*, 357 Ill. App. 3d 352, 361 (2005). Where, as here, the circuit court remanded the matter to the Commission to impose a lesser

penalty than the original penalty of discharge, we can review the Commission's original decision to discharge. *Johnson v. Department of Corrections*, 187 Ill. App. 3d 804, 812 (1989). In cases of discharge, the scope of review is a two-step process. *Johnson*, 187 Ill. App. 3d at 811. We must first determine whether the agency's findings of fact are contrary to the manifest weight of the evidence. *Johnson*, 187 Ill. App. 3d at 811. If the agency's findings of fact are not contrary to the manifest weight of the evidence, we must next determine whether the findings of fact provide sufficient basis for discharge. *Johnson*, 187 Ill. App. 3d at 811. The latter consideration is measured by whether the decision is arbitrary, unreasonable, or unrelated to the requirements of service. *Department of Human Services v. Porter*, 396 Ill. App. 3d 701, 726 (2009).

¶ 10 The Commission's regulations define "cause for discharge exists" as follows:

"a) Cause for discharge consists of some substantial shortcoming which renders the employee's continuance in his or her position in some way detrimental to the discipline and efficiency of the service and that the law and sound public opinion recognize as good cause for the employee no longer holding the position.

b) In determining the appropriate level of discipline, the Commission shall consider the employee's performance record, including disciplinary history, and the employee's length of continuous service, unless the offense would warrant immediate discharge in accordance with subsection (a)." 80 Ill. Adm. Code 1.170 (2012).

*Porter*, 396 Ill. App. 3d at 726.

¶ 11 In the instant case, the hearing officer's findings of fact, adopted by the Commission, are not disputed. Therefore, we must only determine whether or not, in light of those findings, the Commission's original decision to discharge Williams was arbitrary, unreasonable, or unrelated to the requirements of service. For the following reasons, we find that it was not.

¶ 12 The record shows that the Department had a written, zero-tolerance rule against workplace violence. The policy specifically stated that, "[t]he use of violence or the threat of the use of violence by Department employees to subordinates, co-workers, superiors or others will not be tolerated." Williams violated this policy when he threw his paper pick like a javelin at Holeyfield from a distance of about 30 feet and landed it only 2 feet from his target. Williams claimed that this action arose from his frustration. The ALJ's decision, which the Commission adopted, found that Williams could have responded in a nonviolent fashion when Holeyfield ignored him, *i.e.*, Williams could have walked away from Holeyfield, contacted his lead worker, or spoken to Winesberry. Instead, the ALJ found that Williams chose a "reckless response that endangered a co-worker."

¶ 13 We thus find that the Commission's original decision to discharge Williams was not arbitrary, unreasonable, or unrelated to the requirements of service where Williams endangered Holeyfield by his actions. By failing to acknowledge the gravity of Williams' misconduct, the circuit court improperly substituted its judgment for that of the Commission when it ordered the Commission to impose an appropriate discipline other than discharge. See *Fox v. Illinois Civil Service Comm'n*, 66 Ill. App. 3d 381, 387 (1978) (stating that a reviewing court may not substitute its judgment for that of the Commission). Accordingly, the circuit court's judgment affirming the Commission's second decision, which imposed

a 90-day suspension, is reversed and vacated, and the Commission's original decision to discharge Williams is reinstated.

¶ 14       Reversed and vacated.