NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2013[*]
Decided September 27, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3228

| | |
|---|---|
| MICHAEL A. SANDERS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 09-3207 |
| ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, *Defendant-Appellee.* | Sue E. Myerscough, *Judge.* |

**O R D E R**

Michael Sanders appeals the jury verdict in favor of his former employer, the Illinois Department of Central Management Services (CMS), in this employment-discrimination suit under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Sanders was fired from his job as a data-processing technician after he repeatedly refused to undergo a psychiatric evaluation to assess his fitness for duty. He appealed his termination to the Illinois Civil Service Commission, arguing that his boss lacked good cause to fire him. CMS, relying on a witness's statement that Sanders had threatened his direct supervisor, said that the psychiatric evaluation was necessary to ensure that Sanders was not a threat to workplace safety. After a hearing, the Commission ruled in Sanders's favor, finding that CMS acted unreasonably by not investigating the alleged threat. The Commission noted that another state agency entrusted with investigating allegations of misconduct, the Office of Executive Inspector General, found insufficient evidence to conclude that Sanders had threatened to harm his supervisor.

Sanders, who does not claim to have a disability, then sued in federal court, arguing that CMS had violated the ADA by requiring a psychiatric examination that was not "job-related" or "consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). The court asked the parties to consider whether a non-disabled individual could bring a claim under § 12112(d). Recognizing that this circuit has not resolved this issue, *see O'Neal v. City of New Albany*, 293 F.3d 998, 1007 (7th Cir. 2002), the court allowed the claim to go forward because other circuits have ruled that a plaintiff need not show disability to sue under § 12112(d). *See Kroll v. White Lake Ambulance Auth.*, 691 F.3d 809, 814 (6th Cir. 2012); *Cossette v. Minn. Power & Light*, 188 F.3d 964, 969 (8th Cir. 1999); *Fredenburg v. Contra Costa Cnty. Dep't of Health Servs.*, 172 F.3d 1176, 1181–82 (9th Cir. 1999); *Griffin v. Steeltek, Inc.*, 160 F.3d 591, 593–95 (10th Cir. 1998).

As discovery progressed, Sanders sought to prevent CMS from arguing at trial that he was a threat to workplace safety; he asserted that the decision of the Illinois Civil Service Commission precluded that argument. The district court construed his motion as an argument for partial summary judgment based on collateral estoppel or res judicata, and determined that neither doctrine barred CMS from litigating the issue in federal court. First, the court noted, the issues in the two proceedings were not identical—the Commission had used a subjective standard to determine if the firing was reasonable, whereas the ADA requires an objective analysis of business necessity. Second, the court explained, because Sanders had not made a claim of disability discrimination in the administrative proceedings, CMS lacked a fair chance to litigate that issue.

The case proceeded to trial on whether the psychiatric evaluation was job-related or consistent with business necessity based on the alleged threat to workplace safety. The jury heard testimony about the allegedly threatening statements from Sanders, his boss, and the witness who reported the statements to management. Deciding that the psychiatric evaluation was job-related, the jury found in favor of CMS.

On appeal Sanders generally challenges the district judge's decision not to recuse herself under 28 U.S.C. § 455. At the outset of the proceedings, the judge had raised the possibility of recusal sua sponte, noting that the Attorney General of Illinois (who was defending CMS here) represented her in unrelated litigation. After Sanders refused to sign a waiver acknowledging the judge's disclosure, *see id.* § 455(e), the judge concluded that her involvement in both cases did not create an impression of prejudice. Sanders now contends that her adverse rulings show prejudice, but to the extent he relies on § 455(a), he failed to pursue his only avenue for review—a pretrial petition for mandamus. *See United States v. Johnson*, 680 F.3d 966, 979–80 (7th Cir. 2012); *United States v. Diekemper*, 604 F.3d 345, 351 (7th Cir. 2010). Nor has he presented any evidence that would lead a reasonable observer to believe that the judge was incapable of ruling fairly, as required to establish actual bias under § 455(b). *See Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009).

Sanders next contends that the district court erred in determining that collateral estoppel did not apply; he maintains that the Commission's decision should have precluded CMS from characterizing the evaluation as job-related. But the district court correctly determined that the two proceedings involved different legal issues: The Civil Service Commission examined whether CMS had good cause to fire Sanders, *see* ILL. ADMIN. CODE tit. 80, § 1.170; *Williams v. Ill. Civil Serv. Com'n*, 968 N.E.2d 1238, 1240–41 (Ill. App. Ct. 2012), but this suit concerns the legality of his boss's decision to order him to undergo a psychiatric examination, *see* 42 U.S.C. § 12112(d)(4)(A); *Coffman v. Indianapolis Fire Dep't*, 578 F.3d 559, 565 (7th Cir. 2009). Insufficient cause for firing is not the same as discrimination under the ADA, so collateral estoppel does not apply. *See Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 480 (Ill. 2001). Moreover, as the district court correctly noted, it would be unfair to apply collateral estoppel on the issue of disability discrimination when CMS had no incentive to litigate that particular issue in the administrative proceeding. *See Edmonds v. Ill. Workers' Comp. Comm'n*, 968 N.E.2d 775, 785 (Ill. App. Ct. 2012); *Preferred Pers. Servs., Inc. v. Meltzer, Purtill & Stelle, LLC*, 902 N.E.2d 146, 156–57 (Ill. App. Ct. 2009).

Sanders also generally challenges the sufficiency of the evidence that the psychiatric evaluation was job-related. But his failure to file a post-verdict motion for judgment as a matter of law forecloses that challenge. *See* FED. R. CIV. P. 50(b); *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006); *Consumer Prods. Research & Design, Inc. v. Jensen*, 572 F.3d 436, 437–38 (7th Cir. 2009).

Finally, Sanders has waived the claims that he did not include in his complaint and thus raises for the first time on appeal, among them that CMS unlawfully retaliated against him after he complained about racial discrimination and that CMS violated state law by demanding that he waive doctor-patient confidentiality before attending the psychiatric evaluation. *See James v. Hyatt Regency Chicago*, 707 F.3d 775, 783 (7th Cir. 2013); *Abuelyaman v. Ill. State Univ.*, 667 F.3d 800, 813–14 (7th Cir. 2011).[1]

We have reviewed Sanders's remaining contentions—regarding evidentiary rulings, the jury size, the attorneys who represented CMS, and damages—and conclude that all are without merit.

**AFFIRMED**.

---

[1] Because he has waived the state-law issue of medical confidentiality, we deny his motion to certify a question to the Supreme Court of Illinois. *See* CIR. R. 52(a); *Brown v. Argosy Gaming Co., L.P.*, 384 F.3d 413, 415–16 (7th Cir. 2004).