**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 12, 2014[*]
Decided November 18, 2014

*By the Court:*

No. 14-1606

| | |
|---|---|
| MICHAEL A. SANDERS, <br>     *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 11-3445 |
| ILLINOIS DEPARTMENT OF <br> HEALTHCARE AND FAMILY SERVICES, <br>     *Defendant-Appellee*. | Richard Mills, <br> *Judge*. |

**O R D E R**

Michael Sanders is suing his former employer, the Illinois Department of Healthcare and Family Services, alleging that it violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213. He accuses the Department of firing him on account of his disability (alcoholism and a sleep disorder) and in order to retaliate against him for an earlier discrimination lawsuit. Sanders unsuccessfully protested his discharge administratively and then in Illinois state court before turning to federal court. The district court dismissed the action as precluded by the state-court litigation. Because claim preclusion bars Sanders's current suit, we affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2).

The Department fired Sanders from his job as a data-processing technician after he regularly violated its attendance policy. The policy requires employees to notify the Department of their unauthorized absence no later than an hour after their start time; those who report after the first hour of work incur two unauthorized absences. The Department progressively disciplines violations with warnings, suspensions, and eventually a discharge after the twelfth infraction. Sanders repeatedly called the Department about his unauthorized absences after the first of hour of work and thus moved through the progressive discipline stages quickly. He responded by offering the Department two reasons to reverse the early stages of his discipline. First he argued that the Department was incorrectly interpreting the call-in policy and should not doubly penalize him for his tardy call-ins, but the Department stuck with its own understanding of its rule. Second Sanders said that he was taking Ambien, which caused him to oversleep, and so he asked the Department to accommodate him. But his requested accommodation was odd: he wanted the Department to prohibit a specific human-resources employee from disciplining him. The Department refused to do so on the ground that this measure was unrelated to his sleep disorder. Sanders continued to report his absences after the one-hour grace period, and he predictably received further warnings and suspensions. The Department discharged him after his twelfth infraction, which was the result of seven absences and late call-ins on six of those absences.

Sanders contested his discharge before the Illinois Civil Service Commission and in state court. An administrative law judge determined that because Sanders violated the Department's call-in policy, his discharge was justified. Sanders appealed to the full Commission, which affirmed the ALJ's findings. He then sought judicial review in the Illinois Circuit Court and the Illinois Appellate Court, both of which affirmed the Commission's decision. The Supreme Court of Illinois denied Sanders leave to appeal.

Sanders has now turned to federal court, raising two claims. He first contends that the Department deliberately misinterpreted the call-in policy as a pretext to fire him for his disability in violation of the ADA. He also maintains that the Department fired him to retaliate against him for his participation in an earlier ADA suit against his former employer, the Illinois Department of Central Management Services. (He notes that the day before his discharge he had participated in a status conference in that suit.) The Department successfully moved to dismiss the suit under Federal Rule of Civil Procedure 12(b)(6) based on its defense that the state-court litigation precludes this suit. Because claim preclusion is an affirmative defense, the Department should have raised this defense in its answer and moved for judgment on the pleadings under Federal Rule

of Civil Procedure 12(c). But its procedural misstep is of no consequence: the district court had all the information that it needed to rule on the defense; Sanders does not complain about the misstep; and it does not affect our standard of review. See *Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1016 n.2 (7th Cir. 2014). The district court concluded that claim preclusion applies because the suit in state court and this suit involve the same claim and Sanders could have raised his ADA theory in the state-court proceedings. We review that decision *de novo*. *Id.* at 1016.

On appeal Sanders urges that it was error to apply claim preclusion here. He contends the state litigation and this case involve different claims because his state case focused on the meaning of the Department's call-in policy and this suit addresses whether the enforcement of that policy constitutes disability discrimination and retaliation. But the district court correctly concluded that his claims of disability discrimination and retaliation arise from the same nucleus of operative facts litigated in state court: his violations of the Department's call-in policy. It does not matter that Sanders did not assert in state court, and that court did not address, his current legal theory that enforcing the policy violated the ADA. The federal claim is precluded because Sanders *could* have raised the ADA claims in the state-court proceedings. See *Dookeran v. County of Cook, Ill.*, 719 F.3d 570, 575 (7th Cir. 2013); *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 637–39, 644 (7th Cir. 2004).

Sanders responds that claim preclusion does not apply because he did not have a full and fair opportunity to litigate his discrimination charges in state court. He observes that the Commission's decision "contains no conclusion that cause for discharge existed." He then points out that he cited cases to the state court in support of his contention that the Department's interpretation of the call-in policy was "fraudulent." He concludes that these cases, coupled with the supposed absence of cause for his discharge, permit him now to litigate his claim that the Department violated the ADA. The first assertion is incorrect. The Commission did rule (and the state courts affirmed) that Sanders's attendance violations justified the discharge. Sanders may not now relitigate that ruling. *Abner v. Ill. Dep't of Transp.*, 674 F.3d 716, 721–22 (7th Cir. 2012). His second assertion contests only the correctness of the state courts' rulings, not their willingness to hear his claims. Because nothing prevented him from raising his claims in state court, claim preclusion applies. See *Dookeran*, 719 F.3d at 576–78; *Abner*, 674 F.3d at 722. And because employment-discrimination claims in particular can be adjudicated in state court, Sanders is not entitled to split his claims into two suits. See *Walczak*, 739 F.3d at 1017; *Dookeran*, 719 F.3d at 577.

Sanders's last argument is that the district court's decision contradicts our earlier ruling refusing to apply issue preclusion to an ADA suit Sanders filed against his former employer. In that case his employer sought to defend against his ADA claim by arguing that a medical evaluation, which Sanders had refused to take, was job-related. Sanders responded that the Commission already had ruled that his employer could not discharge him for refusing the evaluation, and so issue preclusion should bar the job-relatedness defense. See *Sanders v. Ill. Dep't of Cent. Mgmt. Serv.*, 530 F. App'x 593, 595 (7th Cir. 2013). We explained why issue preclusion did not apply: The Commission resolved only Sanders's claim that his refusal to submit to the evaluation was not, under the Illinois Administrative Code, "good cause" for his discharge; his federal claim raised a new question—whether the medical evaluation was job-related. *Id*. The rulings in these two cases are consistent because they involve different doctrines. One of the requirements for issue preclusion is that the issue was actually litigated and decided in the earlier case; claim preclusion, the doctrine relevant here, prevents litigation of any issue that could have been pursued earlier. See *Migra v. Warren City Sch. Dist. Bd. of Educ. et al.*, 465 U.S. 75, 77 n.1 (1984); *Adams v. City of Indianapolis*, 742 F.3d 720, 735–36 (7th Cir. 2014). It therefore bars this suit.

AFFIRMED