In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2345

RISA STEGALL,

*Plaintiff-Appellant*,

*v.*

ANDREW M. SAUL, Commissioner
of Social Security,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 00178 — **Robert M. Dow, Jr.**, *Judge.*

ARGUED SEPTEMBER 26, 2019 — DECIDED DECEMBER 4, 2019

Before BAUER, MANION, and ST. EVE, *Circuit Judges*.

BAUER, *Circuit Judge.* Risa Stegall applied and interviewed
for a service representative position with the Social Security
Administration ("SSA") in 2010. Stegall claims she received
an offer of employment at the end of her interview. Stegall
subsequently disclosed her physical and mental disabilities,

which she claims prompted the SSA to rescind the employment offer. The SSA denied offering Stegall a position, stating it never extends offers of employment during interviews. Instead, the SSA deemed Stegall not motivated for public service due to her answers in the interview. The SSA preferred two applicants over Stegall—one who had accepted another position and one with a disability who accepted the position.

Stegall filed an employment discrimination claim with the SSA, claiming discrimination based on race and her mental and physical disabilities. The SSA denied Stegall's claim and she appealed to the Equal Employment Opportunity Commission. Stegall then filed a discrimination claim in the district court. Prior to trial, Stegall dismissed her race and mental disability discrimination claims. At trial, the jury found that Stegall had a disability, that the SSA regarded her as having a disability, and that the SSA failed to hire Stegall. However, the jury found that even without her physical disability, Stegall would not have been hired.

Stegall appeals, claiming the jury verdict went against the manifest weight of the evidence and that the court abused its discretion in allowing certain evidence to be admitted. We conclude that the district court did not commit reversible errors and affirm.

## DISCUSSION

We uphold civil jury verdicts when supported by a reasonable basis in the record. *Pickett v. Sheridan Health Care Ctr.*, 610 F.3d 434, 440 (7th Cir. 2010). A party must move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) and renew the motion under Rule 50(b) after the jury's verdict

if the party wishes to preserve a sufficiency of the evidence challenge to a civil verdict. *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 823, (7th Cir. 2016). The court may grant a new trial if a timely Rule 59 motion is filed and the court deems the motion sufficient. Fed. R. Evid. 59. Failure to file a post-verdict motion constitutes a waiver of sufficiency of the evidence challenges. *Sanders v. Ill. Dep't of Cent. Mgmt. Servs.*, 530 Fed. Appx. 593, 595 (7th Cir. 2013).

Stegall requests a new trial, claiming the jury verdict was against the manifest weight of the evidence. In order to preserve this argument on appeal, Stegall needed to move for judgment as a matter of law and renew that motion after the jury's verdict. Stegall failed to file any motions and therefore waived any sufficiency of the evidence challenges.

Stegall also appeals the denial of two *in limine* motions. We review *in limine* motions under an abuse of discretion standard. *Carmody v. Bd. Of Trs. Of the Univ. of Ill.*, 893 F.3d 397, 407 (7th Cir. 2018). Unless required by justice, a jury verdict will not be set aside, vacated, modified, or otherwise disturbed based on an error in admitting or excluding evidence. Fed. R. Civ. P. 61. Stegall claims the district court abused its discretion in admitting irrelevant evidence. The Federal Rules of Evidence lay out the pertinent relevancy analysis as "any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

evidence." Fed. R. Evid. 403. An evidentiary ruling is reversible only if it also affects a party's substantial rights. *Rogers v. Chicago*, 320 F.3d 748, 751 (7th Cir. 2003), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013).

Stegall first objects to the admittance of her job application to the Veterans Health Administration in 2015. In that application, she denied having a disability or any physical limitations; Stegall then underwent a physical examination and the physician's assistant concluded she had no limiting conditions. However, Stegall states her permanent physical disability worsened between 2010 and 2015. Stegall further claims she failed to list her disability for fear of discrimination and failing to list her disability in 2015 is irrelevant to whether she had a disability in 2010. The SSA disagreed, claiming that the subsequent contradictory medical records should be explained through testimony and are relevant to an adverse employment discrimination claim. The district court found Stegall's subsequent statements regarding her medical condition relevant as to whether she was disabled at the time of the claimed discrimination.

Because one of the issues in this case is whether Stegall was disabled in 2010, the admissibility of these subsequent contradictory statements is determined by a standard relevancy analysis. *United States v. Hudson*, 843 F.2d 1062, 1064 n.1 (7th Cir. 1998). The district court properly followed the relevance analysis, finding that subsequent medical evidence is relevant regarding the question "of a claimant's condition during that period." *Halvorsen v. Heckler*, 743 F.2d 1221, 1225 (7th Cir. 1984) (citing *Stark v. Weinberger*, 497 F.2d 1092, 1097 (7th Cir. 1974) ("It is also clear that a diagnosis of a claimant's condition may

properly be made even several years after the actual onset of the impairment.")). Both the application and the medical professional's opinion that Stegall had no physical limitations bear on whether Stegall was disabled five years earlier. The district court properly allowed the evidence.

Finally, Stegall claims the district court improperly admitted "irrelevant and prejudicial" evidence that the SSA hired an applicant with a disability. Stegall proffers, "the Supreme Court notes 'the fact that one person in the protected class has lost out to another person in the protected class is … irrelevant'" while conveniently omitting the remainder of the sentence "so long as he has lost out *because of his age*." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) (discussing age discrimination bans limiting the protected class to a certain age) (emphasis in original). Here, Stegall's claim of irrelevancy works so long as she lost out because of her disability and no other probable reason. Stegall's claim rests on discriminatory intent based on disability and the SSA is entitled to present relevant evidence to rebut this claim. While the hired applicant's disability status is not conclusive or outcome determinative, it bears on the weight of the evidence and is satisfied by the broad relevancy standard.

In order to prevail on appeal, Stegall must show how admitting evidence of the hired applicant's disability status prejudiced her substantial rights. A party "must show not only that the district court erred, but also that the exclusion prejudiced her 'substantial rights'" in order to obtain relief from an evidentiary ruling. *Rogers*, 320 F.3d at 751. "To meet that threshold, a significant chance must exist that the ruling affected the outcome of trial." *Maurer v. Speedway, LLC*, 774

F.3d 1132, 1135 (7th Cir. 2014) (citing *Smith v. Hunt*, 707 F.3d 803, 808 (7th Cir. 2013)).

Stegall claims that the hired applicant's disability status prejudiced the outcome of the trial, yet she fails to show how this evidence prejudiced her substantial rights. Therefore, we assess the likelihood that this evidence affected the outcome of the case. Upon review of the record, ample evidence supports the jury verdict that the SSA's hiring decision contained no discriminatory motive. The hired applicant, with a bachelor's degree from Northwestern with academic honors and community service efforts with the Greater Chicago Food Depository and First Presbyterian Church of Evanston, was objectively more qualified than Stegall. The hired applicant's interview answers clearly articulated her motivation and desire to work for SSA while Stegall answered that she simply sought job stability and eventual retirement.

Stegall's claim of discrimination fails to support a different jury verdict even without the introduction of this relevant and non-prejudicial evidence. The interviewer testified she was highly motivated by the SSA's work for disabled Americans. She also testified about her son's disability and the profound impact that had on her family. The interviewer reiterated that before extending an offer to anyone, the SSA requires a complete suitability review, including a background check and fingerprinting, contact with the applicant's references, and legal review.

Regardless of the hired applicant's disability, the record remains remiss as to the SSA's discriminatory intent. Stegall fails to show how her substantial rights have been prejudiced

by admitting this evidence. We agree with the district court that whether the hired applicant was disabled is relevant as to the issue of discriminatory intent.

## CONCLUSION

We find that the district court did not commit any reversible errors and AFFIRM the verdict and judgment in favor of defendant-appellee.