**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 24, 2021[*]
Decided May 26, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 19-2295

| | |
|---|---|
| S.M., | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Western District of Wisconsin. |
| | |
|     *v.* | No. 13-cv-755-jdp |
| | |
| CATHY JESS, et al., | James D. Peterson, |
|     *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

S.M., whose real name we agreed to keep out of the public record, was an informant for the Milwaukee police and an inmate at Green Bay Correctional Institute. He sued several Wisconsin Department of Corrections employees under 42 U.S.C. § 1983 for violating his Eighth Amendment rights by failing to protect him from other inmates who knew of his cooperation. At trial, he testified that he had repeatedly requested protective custody, but that many of his requests were denied. He received

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

threats from prisoners and was physically attacked several times—once with a knife. But the jury found for the defendants. S.M. appeals, arguing primarily that the jury's verdict goes against the weight of the evidence. We do not reach the merits of that issue, however, because S.M. never asked the district court to overturn the verdict.

S.M. waived his argument that the verdict is against the manifest weight of the evidence by failing to file a post-verdict motion for judgment as a matter of law under Federal Rule of Civil Procedure 50. *Stegall v. Saul*, 943 F.3d 1124, 1127 (7th Cir. 2019). Without such a motion, we are "powerless" to review his challenge. *Collins v. Lochard*, 792 F.3d 828, 831 (7th Cir. 2015) (quoting *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 405 (2006)). Even though S.M. was pro se, and we construe his filings liberally, we cannot excuse this fundamental omission. *Id*. We review judges' decisions, not those of juries, and because S.M. never asked the judge to rule on the sufficiency of the evidence, we have no decision to review. *See id*. And though S.M.—who has counsel on appeal—argues that "under the circumstances" of this case, his pro se status should "exempt" him from the waiver, he explains nothing special about his circumstances relative to other pro se litigants. Further, the district court was not required to warn S.M. that he had to file a post-trial motion to preserve an appeal based on the weight of the evidence. S.M. supplies no authority for such a rule, which would take district judges outside of their neutral role. *See Kiebala v. Boris*, 928 F.3d 680, 685 (7th Cir. 2019).

S.M. presses one other argument: that he should have been granted a continuance on the first day of his trial. He provided three reasons to the district court but pursues only two on appeal. First, a witness he intended to call—a detective who could discuss the extent of S.M.'s cooperation with law enforcement—was not ready to testify (and ultimately never did). Second, he said he did not receive certain discovery documents before trial. At the time, he wasn't sure what documents he was missing (and he does not clarify on appeal), but he said that markings on the documents he did receive showed that many were missing from the defendants' document production.

We review the denial of a continuance for abuse of discretion and will reverse only if there is no rational justification for the judge's decision. *Jackson v. Willis*, 844 F.3d 696, 699 (7th Cir. 2016). As we have explained, "district judges must be allowed considerable leeway in scheduling civil cases, and therefore in denying continuances that would disrupt their schedules." *Id*. at 700 (quoting *Wasson v. Peabody Coal Co.*, 542 F.3d 1172, 1175 (7th Cir. 2008)).

Here, the district court gave adequate reasons for denying the continuance. First, the detective's absence was S.M.'s own doing—he did not timely subpoena the witness

or pay the witness fee—and so it was not a valid basis for a last-minute continuance. *Cf. Jackson*, 844 F.3d at 700 (affirming in part because "the compressed time period was a result of his failure to raise" his concerns at earlier opportunities). Second, the court gave S.M. time to determine what documents he needed and ensured they were handed over promptly. It then allowed S.M. to take the stand again after he reviewed them. *See id*. ("The trial court attempted to minimize the adverse impact . . . .").

These are reasons enough, but S.M. also does not explain what would have been different if the detective had testified and he had reviewed the documents earlier. A party must show actual prejudice to demonstrate that a denial of a continuance was unreasonable. *See Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 897 (7th Cir. 2011). It was undisputed that S.M. had cooperated with law enforcement, so the jury knew this was true. The State's concession was as much a "law enforcement imprimatur" (in S.M.'s words) as the testimony of a police detective. And since S.M. does not identify any documents that he did not see until trial, we cannot conclude that a timely disclosure would have made a difference.

AFFIRMED